**BAGNOLI, Plaintiff-Appellant, v CLEVELAND TRUST CO.,
Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20682.   Decided January 12, 1948.

Paul Mancino, Cleveland, for plaintiff-appellant.
Todd & Todd, Cleveland, for defendant-appellee.

**OPINION**

By HURD, PJ.

This is an appeal on questions of law from a judgment of
the Common Pleas Court wherein the court directed a verdict

and entered judgment for defendant at the close of plaintiff's case. The action of the court in so doing, and the overruling of the motion for new trial are the principal grounds of error assigned.

The petition of plaintiff prays for damages for breach of contract predicated upon an offer of which the following is a copy:

"The Cleveland Trust Company
Cleveland, Ohio

November 7, 1935

Mr. Cono Bagnoli
2193 East 30 Street
Cleveland, Ohio

In re:    Land Contract No. 11

Dear Sir:

Your proposition was presented to our Real Estate Loan Committee on November 6, and the following action has been determined:

For consideration of deeding properties on East 63 Street and East 37 Street which you now own and relinquishing your copy of the blanket land contract covering properties on East 25 Street and East 29 Street and East 36 Street we will deliver to you a limited warranty deed giving you title to property located at 2344 East 29 Street, free and clear of any incumbrances; the property on East 30 Street in which you reside at the present time, we will carry in our files pending final decision of the Home Owner's Loan Corporation relative to financing this particular piece of property and insisting that you make $15 payments each month which will cover the interest and taxes on this loan and not increase the indebtedness thereon. It has further been agreed that we will accept bonds from the Home Owner's Loan Corporation to refinance this mortgage loan, even though an amount as low as $1850 will be offered, in which case we request that you obtain a loan from the Morris Plan Bank or any other institution, from which you have the privilege of borrowing in the sum of $150 which will have to be turned in toward the payment of this mortgage. The present indebtedness on the 30th Street property is in the neighborhood of $2500.00. We now have information that we may realize bonds in the amount of $2216. in which case we will not demand that you secure this additional $150. but under no consideration will we accept payment in full on this mortgage in an amount less than $2000. If for any reason this Home Owner's Loan is turned down definitely, the payments above stipulated ($15.) will have to be increased to an amount suffi-

cient to carry interest and taxes and a payment toward the principal.

This set-up will be allowed to continue until such time that we may receive definite information relative to the re-financing of this property on 30th Street carried under our loan 29707. We feel sure that this arrangement will meet with your approval and we request that you call at The Cleveland Trust Company, Real Estate Loan Department, with your copy of the land contract and be prepared to sign papers which we will draw up, giving us title to the property on East 63 Street and East 37 Street.

Your immediate attention to this matter is imperative.

Very truly yours
THE CLEVELAND TRUST COMPANY
Real Estate Loan Department
Frank W. Mates"

At the conclusion of plaintiff's testimony but before he rested the following stipulation was read into the record:

"Mr. Mancino: It is agreed and stipulated by the parties that mutual exhibit A is a mortgage on the East 63 Street property, which on November 7, 1935 had a balance due thereon in the approximate sum of at least $2000, and that it is further stipulated that on November 7, 1935, there was in the Municipal Court of Cleveland in Case 730610 a judgment in favor of Samuel Silver against Cono Bagnoli and his wife in the sum of $381.30, which judgment was cancelled and satisfied in May, 1936, having been rendered July 5, 1934 and which judgment became a lien on the 63 Street property and the 37 Street property.

Mr. Todd: I agree to the stipulation."

The record clearly shows a verbal acceptance of defendant's offer by the plaintiff. It also shows a complete renunciation of the contract by the defendant.

The authorities are uniform to the effect that an absolute renunciation of the contract by one of the parties constitutes a breach thereof, giving rise to a right of action for damages and that in such a cause notice, demand and tender are waived.[1]

1. See: 12 Amer. Juris. page 963 parag. 387; also page 886, parag. 330.

However, in an action for damages for breach of contract the plaintiff although relieved of the necessity of formal tender, has the burden of showing not only willingness and readiness but also ability to perform the covenants on his part to be performed including the ability to convey marketable title.[2]

The undisputed facts in this case show that the plaintiff on his part agreed to transfer certain property to the defendant. This promise did not mention character of the title to be conveyed. Under such circumstances the law presumes that a marketable title free of all incumbrances was intended.

A careful examination of the record herein discloses a complete failure of evidence by the plaintiff to show ability to deliver the marketable title in the properties by him to be conveyed. In fact the contrary is indicated by the record, namely, that plaintiff was not in a position to furnish marketable title due to the liens on the properties by him to be conveyed as shown by the stipulation above set forth.

Hence, we conclude that the trial court did not err in directing a verdict for the defendant and entering judgment at the close of plaintiff's case or in the other respects claimed by defendant. Therefore, the judgment is affirmed.

JUDGMENT AFFIRMED. EXC. O. S. J.

MORGAN, J, SKEEL, J, concur.

---

2. See: Cases of—*Rife v Lybarger, 49 Oh St 422.*
*Raudabaugh v Hart, 61 Oh St 73.*
*Halliday v Diehm, 11 O. A. 397.*
See also text authorities as follows:
66 C. J. S. Vendor & Purchaser parag. 576.
Maupin on Marketable Title to Real Estate 3rd Ed. page 18.