JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant/cross-appellee, Allegro Realty Advisors, LTD., appeals the trial court's entry granting defendant-appellee/cross-appellant, Orion Associates, LTD., judgment notwithstanding the verdict. Orion appeals the trial court's judgments granting Allegro's partial motion for summary judgment, denying several of Orion's pretrial motions, and granting several of Allegro's pretrial motions. For the reasons set forth below, we affirm in part, vacate the judgment notwithstanding the verdict, reverse in part, and remand for a new trial on damages.
 {¶ 2} On August 12, 2003, Allegro and Orion entered into a written contract whereby Allegro agreed to purchase, and Orion agreed to sell, a commercial office complex known as Orion Business Park. Section 20 of the contract provided as follows:
 {¶ 3} "20. Financing Condition. Buyer shall have one hundred twenty (120) days from Buyer's receipt of the written waiver of the Right of First Refusal (the `Financing Period') in which to obtain a firm written commitment from a lending institution for a loan to Buyer for an amount and for a term, at an interest rate and subject to such conditions, provisions and limitations as are, in each case, acceptable to Buyer, at Buyer's sole discretion. Buyer may, at Buyer's option, assume the current financing with Thrivent Financial for Lutherans subject to all terms, conditions, fees and penalties set forth in the loan documents. If Buyer does not receive such commitment within the Financing Period, then Buyer, at Buyer's option, may terminate this Agreement and receive all funds and documents previously paid or deposited by Buyer including, without limitation, the Earnest Money. Upon termination of this Agreement by Buyer pursuant to this Paragraph, neither party hereto shall thereafter be under any further liability or obligation to the other party hereunder, except Buyer shall pay all Title Company and escrow fees and/or charges and Buyer and Seller shall split equally the cost of the Survey. The parties agree that time is of the essence in the performance hereof, and Buyer shall immediately inform Seller of the failure of this condition." (Emphasis in original.)
 {¶ 4} In two letters dated November 5, 2003 and November 9, 2003, Orion stressed to Allegro that Allegro's purchase of the real estate was contingent upon Allegro assuming the Thrivent mortgage.
 {¶ 5} On November 20, 2003, Allegro filed a complaint against Orion for anticipatory breach of contract. Orion filed an answer, counterclaim for breach of contract and third-party complaint against Allegro's principal, Theodore Barr.
 {¶ 6} On March 11, 2004, the trial court issued a pretrial order which set, in part, the following dates: Allegro's expert report was due on July 14, 2004; Orion's expert report was due on September 14, 2004; trial was set for November 17, 2004.
 {¶ 7} On July 12, 2004, Allegro requested an extension of time for the filing of its expert report. The court granted Allegro's request, allowing it until August 14, 2004 to file its report, and allowing Orion until October 14, 2004 to file its report. The court stated that no further extensions would be allowed and that the November 17, 2004 trial date remained scheduled.
 {¶ 8} On September 7, 2004, Allegro filed a motion for partial summary judgment as to the issue of liability and on defendant's counterclaim. On that same date, the third party-defendant, Barr, also filed a motion for summary judgment. Orion opposed Allegro's motion for partial summary judgment on October 20, 2004.
 {¶ 9} On October 8, 2004, Orion filed a motion for immediate status conference and Rule 11 sanctions and a combined motion for continuance of trial date and for extension of time to submit expert report.
 {¶ 10} On November 5, 2004, Orion voluntarily dismissed its breach of contract counterclaim against Allegro and its third-party complaint against Barr. On November 10, 2004, the court, on its own initiative, cancelled the November 17th trial date and rescheduled the trial for May 4, 2005.
 {¶ 11} On December 6, 2004, the court issued the following entry:
"Plaintiff Allegro Realty Advisors LTD.'s motion for partial summary judgment as to the issue of liability and on defendant's counterclaims, filed 09/07/2004, is granted as to any counterclaims and/or cross-claims not already voluntarily dismissed by defendant.
"Third-party defendant Theodore Barr's motion for summary judgment, filed 09/07/2004, is granted as to all third-party claims not already dismissed by defendant.
"The court finds that Section 20 of the agreement of purchase and sale is clear and unambiguous, and gave the buyer the option to assume the current financing of the subject commercial real property. The court further finds that defendant is a sophisticated business entity, and that defendant failed to produce any Civ.R. 56-complaint evidence of mutual mistake, an illusory contract, bad faith, or fraud.
"Continuance of trial date and motion for extension of time to submit expert reports, filed 10/08/2004, is granted and denied in part. Previous trial date has been continued; however, previous established discovery and expert deadlines stand."
 {¶ 12} On January 19, 2005, Allegro filed a motion to quash subpoena and for a protective order. The motion sought to prevent the deposition of Rick Sonkin, Allegro's counsel. The court granted Allegro's motion on January 28, 2005, on the grounds that the discovery period had expired and that Sonkin's testimony was protected by the attorney-client privilege. A motion for reconsideration was also denied.
 {¶ 13} On February 7, 2005, Orion filed a motion to continue the trial. On February 10, 2005, the court, on its own initiative, rescheduled the trial for June 6, 2005. On February 14, 2005, the trial court granted Orion's motion and the trial was continued to August 8, 2005.
 {¶ 14} On March 3, 2005, Orion filed a motion for leave to designate expert witness. The motion was denied. On June 1, 2005, Orion filed another motion for status conference in which it sought leave to designate an expert. In an entry dated June 29, 2005, the trial court denied Orion's motion.
 {¶ 15} On August 1, 2005, several pretrial motions were filed, including Allegro's motion in limine to exclude witnesses and testimony to liability issues that had been determined by entry of partial summary judgment. Allegro's motion was made in response to Orion's amended pretrial statement, in which it identified its proposed witnesses and their testimony. Much of the proposed testimony of Orion's witnesses was relevant to Allegro's due diligence in obtaining financing and Allegro's alleged knowledge that it purportedly had to assume the Thrivent mortgage. Orion responded to Allegro's motion, acknowledging that the issue remaining for trial was Allegro's damages. The court granted Allegro's motion.
 {¶ 16} Prior to the jury trial, which commenced on August 8, 2005, the trial judge who had originally been assigned to the case, and made all the pretrial rulings and orders, reassigned the case to a visiting judge. There was no on-the-record discussion with the visiting judge, however, as to what issues were being tried. In the parties' opening statements, both Allegro and Orion presented the case as a damages only case. The parties each presented witnesses on their behalf, who mainly testified as to the value of the property and/or how that value was calculated. After Orion rested its case, the trial judge began questioning liability: "I also have a problem in my mind, who was it who canceled this deal, the buyer or the seller?"
 {¶ 17} Orion subsequently moved for a directed verdict. The on-the-record argument in support of Orion's motion was that the testimony presented regarding Allegro's damages was too speculative. The court deferred its ruling on Orion's motion.
 {¶ 18} Allegro's counsel objected to Orion's proposed jury interrogatory number one, which inquired as follows: "Do you find by a preponderance of the evidence the plaintiff was ready, willing and able to perform as part of the purchase agreement?" Counsel argued that a determination of whether Allegro was ready, willing and able to purchase the property was a question of liability, and liability had already been determined by the prior judge. The court questioned whether, in fact, liability had already been determined and instructed the jury on "ready, willing and able" and requested it to answer interrogatory number one. In closing arguments, both parties argued the case as a damages case.
 {¶ 19} After its deliberations, the jury answered "yes" to interrogatory number one, and awarded Allegro $615,000 in damages. The jury was discharged.
 {¶ 20} In reviewing the December 6, 2004 judgment, the court found that the word "granted" pertained to counterclaims and/or crossclaims and that liability was an issue. The court held that Allegro did not present evidence that it was ready, willing and able to purchase the property and, therefore, granted Orion's motion for a judgment notwithstanding the verdict.[1]
 {¶ 21} Allegro now appeals and Orion cross-appeals. For the sake of clarity, we address the issues raised in this appeal and cross-appeal out of order when appropriate. First, we consider the trial court's December 6, 2004 judgment relative to Allegro's motion for partial summary judgment, which is raised by Orion in its cross-appeal.
 {¶ 22} In particular, in Orion's first assignment of error it asks this court 1) to "review de novo the trial court's decision to determine if genuine issues of material fact exist as to the issue of liability for anticipatory breach, including whether Allegro was ready, willing and able to perform the contract;" 2) determine whether the trial court erred in interpreting Section 20 of the agreement; and 3) determine whether the trial court erred in granting summary judgment as to Orion's affirmative defenses of mutual mistake and illusory contract.[2]
 {¶ 23} Civ.R. 56(C) provides that summary judgment is appropriate when: 1) there is no genuine issue of material fact, 2) the moving party is entitled to judgment as a matter of law, and 3) after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can reach only a conclusion that is adverse to the nonmoving party. Zivich v.Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367, 369-370;Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. The moving party bears the initial burden of informing the court of the basis of the motion and identifying those portions of the record which support the requested judgment. Vahila v. Hall,77 Ohio St.3d 421, 1997-Ohio-259. If the moving party discharges its initial burden, the party against whom the motion is made then bears a reciprocal burden of specificity to oppose the motion. Id. See, also, Mitseff v. Wheeler (1998), 38 Ohio St.3d 112. We review the trial court's judgment de novo using the same standard that the trial court applies under Civ.R. 56(C). Grafton v. OhioEdison Co. (1996), 77 Ohio St.3d 102, 105.
 {¶ 24} As an initial matter, we find that the court's December 6, 2004 entry regarding Allegro's motion for partial summary judgment did grant summary judgment in favor of Allegro as to liability. While the first paragraph of the court's entry, standing alone, may not artfully state judgment in favor of Allegro on liability, when read in conjunction with the remainder of the entry, it is apparent that the court was ruling in favor of Allegro on that issue. We therefore now consider whether granting judgment on liability in favor of Allegro was proper.
 {¶ 25} In support of its motion for summary judgment, Allegro relied on the agreement itself, as well as the deposition testimony of its principal, Barr, who testified that after the agreement between Allegro and Orion was executed, Allegro began to explore various financing options with different lenders. Allegro further relied on the deposition testimony of Orion's manager, Bernard Mraz, that after Orion informed Allegro that it would have to assume the Thrivent mortgage, Orion attempted to negotiate an amendment to the agreement that specifically included assumption of the mortgage as a requirement of the purchase.
 {¶ 26} In opposition to Allegro's motion for partial summary judgment, Orion relied on several internal emails generated by Allegro, and the Thrivent mortgage itself, which indicated that the borrower was foreclosed from prepaying the loan through 2007. The emails purportedly demonstrated, according to Orion, that Allegro executed the agreement with knowledge that the Thrivent mortgage was not prepayable through 2007 and, thus, that in order to complete the transaction it would have to assume the mortgage.
 {¶ 27} The construction of written contracts is a matter of law. Alexander v. Buckeye Pipe Line Co. (1978),53 Ohio St.2d 241, 374 N.E.2d 146, paragraph one of the syllabus. "The purpose of contract construction is to discover and effectuate the intent of the parties, and the intent of the parties is presumed to reside in the language they chose to use in the agreement."McConnell v. Hunt Sports Ent. (1999), 132 Ohio App.3d 657, 675,725 N.E.2d 1193, citing Graham v. Drydock Coal Co.,76 Ohio St.3d 311, 313, 1996-Ohio-393, 667 N.E.2d 949. If a contract is clear and unambiguous, there is no issue of fact to be determined, and the court cannot create a new contract by finding an intent not expressed in the clear language employed by the parties. Inland Refuse Transfer Co. v. Browning-FerrisIndustries of Ohio, Inc. (1984), 15 Ohio St.3d 321, 322,474 N.E.2d 271; Alexander, supra, at 246.
 {¶ 28} Only where the language of a contract is unclear or ambiguous, or when the circumstances surrounding the agreement invest the language of the contract with a special meaning, will extrinsic evidence be considered in an effort to give effect to the parties' intentions. Shifrin v. Forest City Ent., Inc.,64 Ohio St.3d 635, 1992-Ohio-28, 597 N.E.2d 499, syllabus.
 {¶ 29} Upon review of the contract at issue, we agree with the trial court's finding that the language of the agreement is clear and unambiguous. Thus, the intent of the parties is evident therein, and we will not go beyond the terms in order to find ambiguity where it does not exist. Orion agreed that Allegro had the "option" to assume the Thrivent mortgage. By its ordinary meaning, the word "option" is not obligatory; it indicates that there is an alternative course.
 {¶ 30} Orion asks this court to disregard this clear language and find the existence of a genuine issue of material fact based upon mistake, a drafting error or an illusory contract.
 {¶ 31} Ohio recognizes the doctrine of mutual mistake as a ground for the rescission of a contract under certain circumstances. In Irwin v. Wilson (1887), 45 Ohio St. 426,15 N.E. 209, the Supreme Court of Ohio held that a buyer is entitled to rescission of a real estate purchase contract where there is a mutual mistake as to a material part of the contract and where the complaining party is not negligent in failing to discover the mistake. A mistake is material to a contract when it is "a mistake * * * as to a basic assumption on which the contract was made [that] has a material effect on the agreed exchange of performances." 1 Restatement of the Law 2d, Contracts (1981) 385, Mistake, Section 152(1). Thus, the intention of the parties must have been frustrated by the mutual mistake.
 {¶ 32} By Orion's own argument, however, Allegro was aware, as was it, that the loan was closed to prepayment through 2007. We therefore hold that the trial court properly found that Section 20 of the agreement was not the result of a mistake. Further, the evidence did not indicate a drafting error.
 {¶ 33} In addressing an illusory contract, the First Appellate District noted that a contract is illusory only when by its terms the promisor retains an unlimited right to determine the nature and extent of his performance; the unlimited right, in effect, destroys his promise and this makes it merely illusory.Century 21 Landmark, Inc. v. McIntrye (1980),68 Ohio App.2d 126, 427 N.E.2d 534, paragraph one of the syllabus.
 {¶ 34} As explained in 13 Williston on Contracts § 38:21 (4th Ed.):
 {¶ 35} "It has been questioned whether an agreement in which the promise of one party is conditional on his own or the other party's satisfaction contains the elements of a contract-whether the agreement is not illusory in character because conditioned upon the whim or caprice of the party to be satisfied. Since, however, such a promise is generally considered as requiring a performance which must be satisfactory to him or her in the exercise of honest judgment, such contracts have been almost universally upheld."
 {¶ 36} The agreement did not give Allegro an unlimited right not to perform; rather, it could cancel the agreement if it was not able to obtain satisfactory financing within the financing period. We therefore hold that the trial court properly found that the contract was not illusory.
 {¶ 37} Finally in this first assignment of error, we find that the trial court's decision granting judgment in favor of Allegro on the liability issue was proper.
 {¶ 38} An anticipatory breach of contract by a promissor is a repudiation of the promissor's contractual duty before the time fixed for performance has arrived. Apex Sales Agency, Inc. v.The Mather Co. (Nov. 19, 1992), Cuyahoga App. No. 60344. In order to recover damages for a breach of contract, the non-breaching party must demonstrate that it was ready, willing and able to perform under the contract. Bagnoli v. ClevelandTrust Co. (1948), 84 Ohio App. 170, 79 N.E.2d 557.
 {¶ 39} As previously discussed, the contract signed by the parties gave Allegro the option to either assume the Thrivent mortgage or obtain other financing. After the parties executed the contract, however, Orion maintained that the purchase could be consummated only if Allegro assumed the Thrivent mortgage. Orion therefore breached the terms of the agreement.
 {¶ 40} Moreover, Barr's deposition testimony reveals that Allegro would have been ready, willing and able to purchase the property had Orion not breached the terms of the agreement. Thus, the trial court properly granted judgment in favor of Allegro on the issue of liability.
 {¶ 41} Accordingly, Orion's first assignment of error is overruled.
 {¶ 42} We next consider Allegro's sole assignment of error, in which it contends that the trial court erred in granting Orion's motion for judgment notwithstanding the verdict. In particular, Allegro argues that the only issue for trial was damages and, thus, the trial court erred in granting Orion's motion for judgment notwithstanding the verdict on the grounds of liability. We agree.
 {¶ 43} A motion for a directed verdict or judgment notwithstanding the verdict is properly granted when, "the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party[.]" Civ.R. 50(A)(4). We review the judgment notwithstanding the verdict determination de novo. See Felden v.Ashland Chemical Co., Inc. (1993), 91 Ohio App.3d 48, 55-57,631 N.E.2d 689, and Yachanin v. State Farm Ins. Co. (Sept. 26, 1996), Cuyahoga App. No. 69842.
 {¶ 44} In the interests of justice, we find that judgment notwithstanding the verdict, under the circumstances herein presented, was not proper. Upon review of the record, as set forth in this opinion, it is clear that both parties (and the court while the case was before the jury) proceeded under the understanding that liability had already been decided by the court and that the only issue for the jury to determine was Allegro's damages, if any. The evidence presented was as to damages and the court, in part of its instructions, directed the jury that it was only to determine damages. Accordingly, Allegro's assignment of error is sustained, and the judgment notwithstanding the verdict is vacated.
 {¶ 45} We will now consider whether the jury verdict should be reinstated or whether this matter should be remanded for a new trial on damages only. Upon this issue, we consider Orion's arguments, presented in its second and third assignments of error, that the trial court erred by not allowing it an opportunity to present expert testimony.
 {¶ 46} The decision whether to grant a motion for extension of time lies within the broad discretion of the trial court and will be reversed on appeal only for an abuse of discretion.Miller v. Lint (1980), 62 Ohio St.2d 209, 404 N.E.2d 752. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 47} The trial court "closed" discovery on October 14, 2004, due to the fact that the trial was scheduled for November 17, 2004, a ruling well within the discretion of the court. However, for various and assorted reasons, none having to do with the presentation of an expert report, the trial in this matter was continued until May 2005 and ultimately until August 2005.
 {¶ 48} On December 6, 2004, the trial court granted summary judgment on the liability issue, rendering the only remaining issue one of damages. The trial court would not permit Orion to obtain an expert report on that sole issue, however, even though the case was not heard for some eight months. Under these narrow and somewhat unusual circumstances, this court finds the refusal to "extend" or "reopen" discovery on the only remaining issue to be an abuse of discretion significant enough to justify a remand for a new trial upon the issue of damages only.
 {¶ 49} Accordingly, Orion's second and third assignments of error are sustained and upon remand Orion should be allowed to file an expert report on the issue of damages.
 {¶ 50} In its fourth and final assignment of error in its cross-appeal, Orion challenges the trial court's rulings on its motions in limine to exclude testimony about Allegro's alleged lost profits. In response to Orion's motions, Allegro informed the court that it would not be seeking to recover any lost profits. Allegro acknowledges in its brief that it dropped its claim for lost profits. Thus, lost profits will not be an issue on remand.
 {¶ 51} Orion also challenges the trial court's judgment granting Allegro's motion to quash the subpoena issued to Rick Sonkin and Allegro's motion in limine regarding the market value of the property while being encumbered by defendant's mortgage.
 {¶ 52} In regard to the motion to quash, the court granted the motion on the grounds of attorney-client privilege. There is no evidence in the record indicating that Sonkin could provide testimony not protected by the attorney-client privilege. As such, we find that the court properly granted Allegro's motion to quash the subpoena issued to him.
 {¶ 53} In regard to granting the motion in limine relative to the market value of the property encumbered with the mortgage, we review the trial court's decision to admit or exclude evidence under an abuse of discretion standard. Columbus v. Taylor
(1988), 39 Ohio St.3d 162, 529 N.E.2d 1382.
 {¶ 54} Upon review, we do not find an abuse of discretion in the trial court's decision to exclude testimony relative to the value of the property with the mortgage. Thus, we affirm the trial court's ruling on that issue.
 {¶ 55} Finally in this fourth assignment of error, Orion challenges the trial court's denial of its motion in limine to exclude the testimony of Allegro's expert as to the market value of the property. In that motion, Orion argued that the expert's opinion was "purely speculative and not based on reliable technical or specialized information."
 {¶ 56} At trial, however, Orion never objected to the expert's testimony. In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself. Goldfuss v. Davidson,79 Ohio St.3d 116, 1997-Ohio-401, 679 N.E.2d 1099. Upon review, we do not find plain error was created by allowing the testimony of plaintiff's expert.
 {¶ 57} Accordingly, Orion's fourth assignment of error is overruled.
 {¶ 58} Allegro's assignment of error is sustained; the judgment notwithstanding the verdict is vacated and the case is reversed and remanded for a new trial.
 {¶ 59} Orion's first assignment of error is overruled; Orion's second and third assignments of error are sustained; Orion's fourth assignment of error is overruled.
 {¶ 60} This cause is reversed and remanded for further proceedings consistent with this opinion.
It is ordered that appellee/cross-appellant and appellant/cross-appellee equally split the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J. and Rocco, J., concur.
[1] When Orion made its motion at the close of all the evidence, it was a motion for a directed verdict. When the court granted the motion after the jury had been discharged, it was a motion for judgment notwithstanding the verdict. See Civ.R. 50. The standard for granting a motion for judgment notwithstanding the verdict under Civ.R. 50(B) is the same as that for granting a motion for directed verdict pursuant to Civ.R. 50(A). Texler v.D.O. Summers Cleaners Shirt Laundry Co., 81 Ohio St.3d 677,679, 1998-Ohio-602, 693 N.E.2d 271.
[2] Orion also asserted affirmative defenses of bad faith and fraud, but concedes in its brief that it did not present any evidence of those defenses in the trial court. See Orion's answer brief and brief in support of cross-appeal, at pg. 46.