JOURNAL ENTRY AND OPINION
{¶ 1} Defendants-appellants, Nick and Pauline Papadelis ("appellants"), appeal the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I {¶ 2} This appeal arises out of a foreclosure action originally filed in 1997 (the "foreclosure action") by appellee Home Bank, F.S.B. fka Home Federal Savings Bank, Northern Ohio, kna Charter One Bank, N.A. ("Charter One") against the appellants. According to the case, this consolidated appeal arises from various consolidated cases filed in the lower court, including Case Nos. 340704, 346292, 346293 and 465475. The foreclosure action was filed under Case No. 340704.
 {¶ 3} At the time of the initial filing, appellants were in default of their mortgage loan because of their failure to make complete and timely payments. In response to the complaint, appellants asserted a counterclaim against Charter One concerning late charges and late fees applied to their account (the "counterclaim"). In January 1998, appellants filed two separate complaints reasserting similar claims previously set forth in their counterclaim.
 {¶ 4} In March 2002, appellants filed another complaint against Charter One alleging that the foreclosure action was without basis. The complaint asserting the wrongful foreclosure claim was also consolidated with the foreclosure action. Charter One's motion for summary judgment as to the complaint for wrongful foreclosure was granted on July 28, 2004.
 {¶ 5} According to the facts, on May 13, 1987, appellants executed an Investors One Year Note and Modification of Adjustable Rate Note and Mortgage (the "note") with Charter One relating to their investment property located at 8075 Broadview Road in Broadview Heights, Ohio. The terms and conditions of the note required appellants to make regular monthly payments on the first day of the month. The amount of the monthly payment was determined by a variable interest rate and other charges. If the payment was late, the note provided for a late charge. The late charge was calculated on the number of days it was late.
 {¶ 6} If a payment was made between the 15th and the 20th day of the month, a 5 percent late charge (based upon the required monthly payment) would be applied. If a payment was made on or after the 20th day of the month, a 2 percent late charge (based upon the outstanding principal balance) would be applied. The two-tiered late charge provision is collectively referred to herein as the "late fee provision."
 {¶ 7} According to the terms of the note, if appellants failed to pay the full amount of each monthly payment, including all late charges, on the date it was due, they would be in default. Appellants did not dispute the date each payment was applied to the account or the recorded amount of each payment.[1] The only dispute in the foreclosure action concerns the application of the late fee provision to payments made by appellants.
 II {¶ 8} Appellant's assignments of error state the following:
 {¶ 9} I. "The trial court committed prejudicial error as a matter of law when on February 24, 2005 it granted the motion for summary judgment of appellee and when it found that (1) the question of the late fee provision is a question of law, (2) expert testimony concerning the legal issues is inadmissible, (3) the late charge provision is clear and unambiguous, (4) the Papadelises were in default of the note in June of 1997, and (5) plaintiff is entitled to foreclosure on the subject premises."
 {¶ 10} II. "The trial court committed error as a matter of law on October 15, 2001, when it granted appellee's motion for summary judgment on defendants' counterclaims, dismissed defendants' counterclaims, dismissed appellants' complaints in Case Nos. 346292 and 346293, and the trial court abused its discretion when it struck Nick Papadelis' affidavit filed on September 27, 2001."
 {¶ 11} III. "The trial court committed error as a matter of law on February 17, 2004, when it granted appellee's motion for summary judgment and dismissed appellants' wrongful foreclosure action, being Case No. 465475."
 {¶ 12} IV. "The trial court committed error as a matter of law when it adopted the decision of the magistrate and when it denied appellants' due process rights by not according a trial upon the issue of the amount due and owing on the mortgage loan."
 III {¶ 13} Appellate review of the granting of summary judgment is de novo. Pursuant to Civ.R. 56(C), the party seeking summary judgment must prove that 1) there is no genuine issue of material fact; 2) they are entitled to judgment as a matter of law; and 3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Dresher v. Burt,75 Ohio St.3d 280, 1996-Ohio-107, 662 N.E.2d 264.
 {¶ 14} Appellants put forth five sub-issues in their first assignment of error. Specifically, appellants argue that the trial court erred when it found that the late fee was a question of law, the expert testimony concerning the legal issues was inadmissable, the late charge provision was clear and unambiguous, the Papadelises were in default, and plaintiff was entitled to foreclosure.
 {¶ 15} There is no dispute that the parties entered into a written contract relating to the mortgage of the property located in Broadview Heights, Ohio in 1987.[2] Moreover, there is no dispute over the timing of payments made by appellants or the amount of such payments.[3] It is a question of law as to whether or not a contract provision is clear and unambiguous.
 {¶ 16} The construction of written contracts is a matter of law. Alexander v. Buckeye Pipe Line Co. (1978),53 Ohio St.2d 241, 374 N.E.2d 146, paragraph one of the syllabus. "The purpose of contract construction is to discover and effectuate the intent of the parties, and the intent of the parties is presumed to reside in the language they chose to use in the agreement."McConnell v. Hunt Sports Ent. (1999), 132 Ohio App.3d 657, 675,725 N.E.2d 1193, citing Graham v. Drydock Coal Co.,76 Ohio St.3d 311, 313, 1996-Ohio-393, 667 N.E.2d 949. If a contract is clear and unambiguous, there is no issue of fact to be determined, and the court cannot create a new contract by finding an intent not expressed in the clear language employed by the parties. Inland Refuse Transfer Co. v. Browning-FerrisIndustries of Ohio, Inc. (1984), 15 Ohio St.3d 321, 322,15 Ohio B. 448, 474 N.E.2d 271; Alexander, supra, at 246.
 {¶ 17} Only where the language of a contract is unclear or ambiguous, or when the circumstances surrounding the agreement invest the language of the contract with a special meaning, will extrinsic evidence be considered in an effort to give effect to the parties' intentions. Shifrin v. Forest City Ent., Inc.,64 Ohio St.3d 635, 1992-Ohio-28, 597 N.E.2d 499, syllabus. Also, see, Allegro Realty Advisors, LTD. v. Orion Assocs., Cuyahoga App. No. 87004, 2006-Ohio-4588.
 {¶ 18} Upon review of the evidence, we agree that the language of the agreement is clear and unambiguous. Therefore, the intent of the parties is evident therein, and we will not go beyond the terms in order to find ambiguity where it does not exist.
 {¶ 19} The late fee provision in the case at bar provides the following:
"1. If any installment under this Note is not received by [Charter One] within fifteen calendar days after the installment is due, [appellants] shall pay to [Charter One] a late charge of 5 percent of such installment, such late charge to be immediately due and payable without demand or notice by [Charter One]. If any installment under this note remains past due for twenty calendar days or more, the outstanding principal balance of this Note shall bear interest during the period in which [appellants are] in default at the rate of two (2) percent per annum over the current contract rate in effect at the time of the default or, if such increased rate of interest may not be collected from the undersigned under applicable law, then at the maximum increased rate of interest, if any, which may be collected from the undersigned under applicable law. Notwithstanding any other provision in the Note or Mortgage to the contrary, notice of institution of said default rate is hereby waived."[4]
 {¶ 20} As set forth above, the late fee provision does not contain any specially defined or confusing words. The words in the provision are common and ordinary and, as such, require no special definitions. The amount of the applied late charge for a late payment is dependent upon how the late payment is made. If a payment is received between the 15th and 20th of the month, a 5 percent late charge will apply. However, if the payment is received on or after the 20th day of the month, a 2 percent late charge will apply.
 {¶ 21} Where a contract provision is clear and unambiguous, the provision should be applied by the court. On Line LogisticsInc. v. Amerisource Corp., et al., Cuyahoga App. No. 82056,2003-Ohio-5381. Accordingly, we find the trial court's actions concerning the question of the late fee provision to be proper. Moreover, we find the late charge provision to be clear and unambiguous.
 {¶ 22} Appellants argue that the expert testimony concerning the legal issues was improper. Appellants make much of the fact that expert Mr. Miller had a difficult time understanding the formula that the bank used in its computations. However, appellants' argument is misapplied, because, as a matter of law, it is strictly up to the court to decide whether a contract provision is ambiguous. Columbus Countrywide Dev. Corp. v.Junior Village of Dublin, Inc., et al., Franklin App. No. 03AP-73, 2003-Ohio-5447. See, also, Wagenheim v. Alexander Grant Co. (1983), 19 Ohio App.3d 7, 19; Scharf v. Chorney (Feb. 17, 1994), Cuyahoga App. Nos. 64405, 64406.
 {¶ 23} We find that the evidence in the record demonstrates the trial court's actions concerning the inadmissibility of various expert testimony was proper.
 {¶ 24} Contrary to appellants' assertions, the evidence demonstrates appellants were in default of the mortgage in June of 1997. Expert Constantino provided a report detailing the late charges in the note. Constantino stated that the total unpaid late charges due and owing by appellants as of June 1997 equaled $1,187.16.[5] Appellants did not provide any evidence that Constantino's calculations were incorrect. In fact, appellants' own expert admitted that he did not calculate and could not offer an opinion regarding the amount due and owing if the 2 percent late charge was properly applied.[6] Accordingly, we find the evidence demonstrates that the lower court did not commit prejudicial error when it found the Papadelises in default and plaintiff entitled to foreclosure.
 {¶ 25} Accordingly, appellants' first assignment of error is overruled.
 IV {¶ 26} Appellants argue in their second assignment of error that the lower court erred on October 15, 2001 when it granted appellee's motion for summary judgment and struck Papadelis' September 27, 2001 affidavit.
 {¶ 27} Appellants argue appellee did not properly support its motion for summary judgment. However, we find the lower court's decision concerning the motion for summary judgment to be adequately supported by the evidence in the record. The motion was supported by the following: the February 8, 2001 testimony of Nick Papadelis; the Investor One Year Note and Open-End Mortgage entered into by appellants on May 13, 1987 concerning the Broadview Road property; the Investor One Year Note and Open-End Mortgage entered into by appellants on July 21, 1986 concerning the Detroit Avenue property; a certified copy of the judgment entry/foreclosure decree entered on October 31, 1989 and clerk's certificate of judgment dated October 31, 1989 in the case HomeFederal Savings Bank, etc. v. Papadelis, Cuyahoga County Case No. 163617; and deficiency balance letters dated November 26, 1990, February 1, 1991 and March 29, 1993 which were sent to appellants' counsel.
 {¶ 28} Appellants argue that the lower court erred when it struck Nick Papadelis' September 27, 2001 affidavit. Specifically, appellants argue that "the trial court should have accorded appellants all reasonable opportunity" to defend themselves.
 {¶ 29} Contrary to appellants' assertions, the trial court's actions were proper. Appellants were not deprived of the opportunity to present evidence. Pursuant to Loc.R. 11(I) of the Court of Common Pleas of Cuyahoga County, General Division, appellants had thirty days to submit their opposition brief and evidence once Charter One filed its motion for summary judgment. Appellants sought an additional two weeks time, up to and including June 1, 2001, to file their opposition brief. Despite having the additional two weeks, appellants failed to timely file their brief in opposition. Instead, appellants filed an untimely motion for continuance, which the court granted notwithstanding appellee's objection.
 {¶ 30} Appellants then filed their opposition brief on July 9, 2001. Charter One, pursuant to leave granted by the trial court, filed its reply brief on August 9, 2001. At that point, all briefing on Charter One's motion for summary judgment on the counterclaims was closed. At no other time did appellants request additional time or leave of court to submit additional briefing on the summary judgment issues. Loc.R. 11(D) of the Court of Common Pleas of Cuyahoga County, General Division, mandates that additional briefs may only be filed with leave of court and only upon a showing of good cause. Charter One filed its reply brief in support of summary judgment on August 9, 2001. The supplemental affidavit of Nicholas Papadelis was filed seven weeks after the close of the summary judgment briefing in this case. Further, the supplemental affidavit was filed without leave of court, after the briefing on the summary judgment issues had already been completed and closed.
 {¶ 31} Assuming arguendo appellants complied with all necessary procedural requirements, their argument still fails. Appellants failed to move to strike or otherwise object at the lower court level. Failure to move to strike or otherwise object to documentary evidence submitted by a party in support of, or in opposition to, a motion for summary judgment waives any error in considering that evidence under Civ.R. 56(C). Stegawski v.Cleveland Anesthesia Group, Inc. (1987), 37 Ohio App.3d 78, 83.
 {¶ 32} It is well established that a party cannot raise new issues for the first time on appeal and that a reviewing court will not consider issues which the appellant failed to raise in the trial court. Stores Realty Co. v. Cleveland (1975),41 Ohio St.2d 41, 322 N.E.2d 629; McCarthy, Lebit, Crystal Haiman Co.,L.P.A. v. First Union Management, Inc. (1993),87 Ohio App.3d 613, 622 N.E.2d 1093; Cleveland v. Association of Fire Fighters
(1991), 73 Ohio App.3d 220, 596 N.E.2d 1086. It is fundamental to appellate review that issues not presented to the trial court may not be initially reviewed on appeal, such that a party may not assert new legal theories for the first time before the appellate court. Kleinfeld v. Link (1983), 9 Ohio App.3d 29,457 N.E.2d 1187; AMF, Inc. v. Mravec (1981), 2 Ohio App.3d 29,440 N.E.2d 600. Consequently, appellants cannot now argue for the first time on appeal that the trial court abused its discretion when it struck the supplemental affidavit filed on September 27, 2001.
 {¶ 33} Accordingly, appellants' second assignment of error is not well taken and is overruled.
 V {¶ 34} Appellants' argue in their third assignment of error that the lower court erred when it granted appellee's motion for summary judgment and dismissed appellants' wrongful foreclosure action, which was Case No. 465475.
 {¶ 35} The doctrine of issue preclusion, also known as collateral estoppel, holds that a fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different. Consequently, collateral estoppel prevents parties from relitigating in a subsequent case facts and issues that were fully litigated in a previous case.State ex rel. Stacy v. Batavia Local Sch. Dist. Bd. of Edn.,97 Ohio St.3d 269, 2002-Ohio-6322.
 {¶ 36} In the case at bar, appellants filed a counterclaim in response to the foreclosure complaint. In their counterclaim, appellants alleged Charter One was acting in bad faith and intentionally interfering with appellants' business and contractual rights. The lower court granted summary judgment in Charter One's favor on appellants' counterclaim. The complaint in Case No. 465475 for wrongful foreclosure alleges that Charter One's actions concerning the foreclosure were improper and in bad faith constituting intentional interference with appellants' business opportunities. Appellants' allegations were actually and directly at issue in a previous action and were passed upon and determined by the lower court. Accordingly, they may not be drawn into question in a subsequent action between these same parties.
 {¶ 37} Accordingly, appellants' third assignment of error is overruled.
 VI {¶ 38} Appellants argue in their fourth assignment of error that the lower court erred when it adopted the magistrate's decision and when it failed to conduct a trial on the loan amount due.
 {¶ 39} On October 17, 2005, Magistrate Augustyn issued his decision ordering the foreclosure sale and outlining a distribution of the proceeds. Appellants filed their objection to this decision on October 31, 2005.
 {¶ 40} We find Union Bank Co. v. Burmbaugh (1982),69 Ohio St.2d 202, 205, to be applicable. In Union Bank, the Ohio Supreme Court found that procedural due process rights were not violated where the debtor was denied an oral hearing prior to the confirmation of a foreclosure sale that was conducted in compliance with the Ohio Revised Code and state and local rules.
 {¶ 41} In addition, imposing a requirement to hold an in-person hearing for these and all other similar matters would impose an unnecessary burden on an already busy trial court docket. See Union Bank Co. at 208-09.
 {¶ 42} A review of the record demonstrates that appellants failed to present evidence contradicting Charter One's calculations. In accordance with the lower court's orders and pursuant to Loc.R. 24 of the Court of Common Pleas of Cuyahoga County, General Division, Charter One filed the required evidence, judicial reports and other documents in June and July 2005 that enabled the court to identify the amount due. Loc.R. 24 requires the submission of written judicial reports prior to adjudicating a foreclosure action. Appellants had enough time and opportunity to present contradictory evidence concerning the principal due; however, appellants failed to do so. Having no dispute in the record over the sum, we find that the lower court correctly applied the late fee provision and found that the principal amount due and owing Charter One Bank was $37,732.76 at the time of default.
 {¶ 43} Accordingly, appellants' fourth assignment of error is overruled.
 {¶ 44} For the foregoing reasons, appellant's assignments of error are without merit and the judgment of the Cuyahoga County Court of Common Pleas is affirmed.
It is ordered that appellee recover from appellants costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sean C. Gallagher, P.J., and Kenneth A. Rocco, J., concur.
[1] See deposition of Brandon Miller at p. 39.
[2] See complaint at 1, Ex. A; affidavit of Nick Papadelis included within defendants' supp. aff. in opp. to plaintiff's motion for summary judgment, filed September 27, 2001 at 1.
[3] See B. Miller Tr. at 39-40; response of plaintiff to motion for summary judgment filed on June 30, 2004 at Exs. A-F and I-J.
[4] Ex. A at 1.
[5] See Constantino aff. at attachment, pp. 3, 5.
[6] See B. Miller Tr. at 61, 74.