[Cite as *Huntington Natl. Bank Mtge. Loan Dept. v. Peppel*, 2014-Ohio-3084.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| THE HUNTINGTON NATIONAL BANK MORTGAGE LOAN DEPARTMENT, | : | |
| | : | CASE NO.  CA2013-11-114 |
| Plaintiff-Appellee, | : | O P I N I O N |
| | | 7/14/2014 |
| - vs - | : | |
| MICHAEL E. PEPPEL, et al., | : | |
| Defendants-Appellants. | : | |

CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 13CV83956

Weltman Weinberg & Reis Co., L.P.A., Jack J. Lah, James J. Todd, David W. Cliffe, 525 Vine Street, Suite 800, Cincinnati, Ohio 45202, for plaintiff-appellee

Taft Stettinius & Hollister, LLP, Nicholas J. Pieczonka, 425 Walnut Street, Suite 1800, Cincinnati, Ohio 45202-3957, for defendant-appellant, Michael E. Peppel

David P. Fornshell, Warren County Prosecuting Attorney, Christopher Watkins, 500 Justice Drive, Lebanon, Ohio 45036, for defendant, Warren County Treasurer

Nicholas J. Pantel, 221 East Fourth Street, Suite 400, Cincinnati, Ohio 45202, for defendant, United States of America

Jennie L. Church, 2100 One Cleveland Center, 1375 East Ninth Street, Cleveland, Ohio 44114, for defendant, Alan Peller

**RINGLAND, P.J.**

{¶ 1} Defendant-appellant, Michael E. Peppel, appeals from the decision of the

Warren County Court of Common Pleas granting summary judgment to plaintiff-appellee, The Huntington National Bank (Huntington Bank). For the reasons outlined below, we affirm.

{¶ 2} In February 2003, Michael and Natalie Peppel executed a promissory note in favor of Huntington Bank in the amount of $670,000 for the purchase of real property located in Waynesville, Ohio (Property). The note was secured by a mortgage that designated the Peppels as the borrowers, Huntington Bank as the lender, and Mortgage Electronic Registration Systems, Inc. (MERS) as the mortgagee, acting as a nominee for Huntington Bank and its successors. Just one year later, in February 2004, the note and mortgage were amended to release Natalie from any and all covenants and obligations under the note, and to reflect the transfer of Natalie's entire interest in the Property to Michael.

{¶ 3} It is not clear from the record precisely when Michael ceased payment on the note, but MERS assigned the mortgage to Huntington Bank in December 2012. In April 2013, Huntington Bank filed a complaint for foreclosure on the Property. Attached to the complaint were the note and mortgage executed by the Peppels in 2003, and the 2004 amendment to the mortgage consolidating ownership of the Property and responsibility for the note in Michael.

{¶ 4} In October 2013, Huntington Bank filed a motion for summary judgment. Included with the motion was an affidavit from Clair L. Turk, an authorized signer of Huntington Bank, which stated that according to Huntington Bank's business records, the loan evidenced by the note and mortgage was in default and the default had not been cured. Attached to the affidavit was a copy of both the note and the mortgage, but no payment history.

{¶ 5} Michael then filed a "Memorandum in Opposition to Plaintiff's Motion for Summary Judgment" (Memorandum in Opposition), and a "Motion for Leave to File Amended Answer." The proposed amended answer claimed that Huntington Bank failed to provide

Michael with a notice of default, which Michael believed to be a condition precedent to the filing of the foreclosure complaint. Without holding a hearing on the matter, and without explicitly ruling on Michael's Motion for Leave to File Amended Answer, the trial court granted summary judgment in favor of Huntington Bank.

{¶ 6} Michael now appeals from the trial court's decision granting summary judgment to Huntington Bank, raising two assignments of error for review. For ease of discussion, the assignments will be addressed out of order.

{¶ 7} Assignment of Error No. 2:

{¶ 8} THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BASED ON THE EXISTENCE OF GENUINE ISSUES OF MATERIAL FACT AS TO DAMAGES.

{¶ 9} Appellate review of a trial court's ruling on a motion for summary judgment is de novo. *Bank of America, N.A. v. Jackson*, 12th Dist. Warren No. CA2014-01-018, 2014-Ohio-2480, ¶ 32. Civ.R.56(C) sets forth the conditions under which it is appropriate to grant summary judgment: (1) there are no genuine issues of material fact to be litigated; (2) the moving party is entitled to judgment as a matter of law; and, (3) when all evidence is construed most strongly in favor of the nonmoving party, reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-70 (1998). The party moving for summary judgment has the initial burden of producing evidence that affirmatively demonstrates the absence of a genuine issue of material fact. *First Horizon Home Loans v. Sims*, 12th Dist. Warren No. CA2009-08-117, 2010-Ohio-847, ¶ 19, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292-93 (1996). If the moving party meets its burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(C).

{¶ 10} Michael claims that Huntington Bank failed to satisfy its initial burden of demonstrating the absence of a genuine issue of material fact. Civ.R. 56(E) requires that

sworn or certified copies of all papers or parts of papers referred to in an affidavit be attached to or served with the affidavit. Michael notes that Turk's affidavit refers to Huntington Bank's business records in support of the averment that Michael's loan was in default, but that there are no business records attached to the affidavit. He relies on case law from this court for the proposition that, "[w]hen an affiant relies on documents in [her] affidavit and does not attach those documents, the portions of the affidavit that reference those documents must be stricken." *Wells Fargo Bank v. Smith*, 12th Dist. Brown No. CA2012-04-006, 2013-Ohio-855, ¶ 17, citing *Third Fed. S. & L. Assn. of Cleveland v. Farno*, 12th Dist. Warren No. CA2012-04-028, 2012-Ohio-5245, ¶ 10. Michael argues that had the trial court struck the portions of the affidavit at issue here, there would have been no basis upon which to grant Huntington Bank's motion for summary judgment.

{¶ 11} Yet there was no need for the trial court to strike the averment in Turk's affidavit. "'[F]ailure to move to strike or otherwise object to documentary evidence submitted by a party in support of * * * a motion for summary judgment waives any error in considering that evidence under Civ.R. 56(C).'" *Hammock v. Sav. of Am.*, 12th Dist. Clermont No. CA90-01-006, 1990 WL 129460, *3 (Sept. 10, 1990), quoting *Steganski v. Cleveland Anesthesia Group, Inc.*, 37 Ohio App.3d 78, 83 (8th Dist.1987). *See also Wells Fargo Bank* at ¶ 39. Michael did not file a motion to strike with the trial court, or raise any other objections, regarding the portions of the Turk affidavit that are presently at issue. Therefore, Michael has waived this argument on appeal, and the trial court properly found that Huntington Bank satisfied its initial burden on the motion for summary judgment.

{¶ 12} Michael's second assignment of error is overruled.

{¶ 13} Assignment of Error No. 1:

{¶ 14} THE TRIAL COURT ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT BY FAILING TO CONSIDER MATERIALS FILED BY THE DEFENDANT-

APPELLANT.

{¶ 15} Michael also asserts that the trial court erred in granting the motion for summary judgment because the trial court did not examine all appropriate materials as required by the Ohio Supreme Court in *Murphy v. City of Reynoldsburg*, 65 Ohio St.3d 356, 358 (1992). In particular, Michael claims the trial court failed to examine both his Memorandum in Opposition and his Motion for Leave to File Amended Answer. As evidence of this failure, Michael points to the judgment entry, which states "[t]his cause was submitted to the Court and heard upon the Complaint of [Huntington Bank], the Answer of [Michael], * * * [Huntington Bank's] Motion for Summary Judgment and Default Judgment and the evidence." Michael claims the trial court would not have omitted from the list his Memorandum in Opposition or his Motion for Leave to File Amended Answer if the trial court had, in fact, considered those materials.

{¶ 16} However, Michael misinterprets the *Murphy* court's holding regarding the trial court's duty when deciding a motion for summary judgment. In *Murphy*, the plaintiff and the defendants had filed numerous depositions and other evidence with the trial court prior to the hearing on the defendants' motion for summary judgment. *Murphy* at 357. At the hearing, the trial court admitted that it had not read the parties' motions or briefs, yet proceeded to render a decision on the motion based exclusively on the oral arguments of the parties. *Id.* On appeal, the Ohio Supreme Court took issue with the trial court's disregard of its duty under Civ.R. 56(C) to examine "all appropriate materials filed by the parties." *Id.* at 358. Although the phrase "all appropriate materials" was not specifically defined, the opinion makes clear that Civ.R. 56(C) requires the trial court to "conscientiously examine all the *evidence* before it when ruling on a summary judgment motion." (Emphasis added.) *Id.* at 359.

{¶ 17} Michael's Memorandum in Opposition, standing alone, is not evidence. Civ.R.

- 5 -

56(C) provides an exclusive list of materials the trial court may consider when deciding a motion for summary judgment: "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact * * *." Civ.R. 56(C); *Wells Fargo Bank*, 2013-Ohio-855 at ¶ 15.  Further,

> Documents submitted in opposition to a Motion for Summary Judgment which are not sworn, certified or authenticated by Affidavit have no evidentiary value and may not be considered by the Court in deciding whether a genuine issue of material fact remains for trial.

*Fuson v. Fisher*, 12th Dist. Brown No. CA97-05-013, 1998 WL 65690, *3 (Feb. 17, 1998), quoting *Green v. B.F. Goodrich Co.*, 85 Ohio App.3d 223, 228 (9th Dist.1993).  Therefore, the trial court had no duty to consider Michael's Memorandum in Opposition as evidence affecting its ruling on Huntington Bank's motion for summary judgment.  *See* Civ.R. 56(C) ("No evidence or stipulation may be considered except as stated in this rule").

{¶ 18} Michael's Motion for Leave to File Amended Answer did not present the trial court with evidence, either.  After the moving party meets its initial burden of producing evidence that affirmatively demonstrates the absence of a genuine issue of material fact, the nonmoving party "'may not rest on the mere allegations of his pleading, but his response, by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts showing the existence of a genuine triable issue.'"  *Bank of America*, 2014-Ohio-2480 at ¶ 33, quoting *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385 (1996).  In moving to amend his answer to include the allegation that Huntington Bank failed to provide him with notice of default, Michael was not setting forth *evidence* of a specific fact showing the existence of a genuine triable issue; he was merely *alleging* an issue.

{¶ 19} Michael's failure to attach an affidavit to either his Memorandum in Opposition or his Motion for Leave to File Amended Answer rendered those documents devoid of evidentiary value.  *Fuson* at *3.  Hence, the trial court did not fail to examine all appropriate

materials as required by the Ohio Supreme Court in *Murphy*.

{¶ 20} Michael's first assignment of error is overruled.

{¶ 21} Judgment affirmed.


S. POWELL and M. POWELL, JJ., concur.