[Cite as *Bank of Am., N.A. v. Michko*, 2015-Ohio-3137.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 101513

# BANK OF AMERICA, N.A.

PLAINTIFF-APPELLEE

vs.

# KATHERINE L. MICHKO, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. 12-CV-784769

**BEFORE:** E.A. Gallagher, P.J., S. Gallagher, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** August 6, 2015

**ATTORNEYS FOR APPELLANT**

Marc E. Dann
William C. Behrens
Paul B. Bellamy
Grace M. Doberdruk
James R. Douglass
Daniel M. Solar
The Dann Law Firm
P.O. Box 6031040
Cleveland, Ohio 44103


**ATTORNEYS FOR APPELLEE**

Edward G. Bohnert
Rachel M. Kuhn
Mike L. Wiery
Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A.
30455 Solon Road
Solon, Ohio 44139

EILEEN A. GALLAGHER, P.J.:

**{¶1}** In this foreclosure action, defendant-appellant Katherine Michko appeals from the decision of the trial court granting summary judgment in favor of substitute plaintiff-appellee Bank of America, N.A. Finding no merit to the appeal, we affirm the trial court's judgment.

### Factual and Procedural Background

**{¶2}** On December 2, 2009, Michko executed a note payable to Primary Capital Advisors LC ("Primary Capital Advisors") and its successors and assigns for the principal amount of $73,641. To secure payment of the note, Michko executed a mortgage on real property located at 7456 Columbia Road in Olmsted Falls, Ohio in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Primary Capital Advisors.[1] The mortgage was recorded on December 4, 2009.

**{¶3}** Primary Capital Advisors endorsed the note to Bank of America, N.A., and Bank of America, N.A. thereafter endorsed the note in blank. On March 1, 2012, MERS assigned the mortgage "together with the note(s) and obligations therein described" to "Bank of America, N.A. successor by merger to BAC Home Loans Servicing, LP." The assignment was recorded on March 8, 2012. Because the assignment of mortgage was executed by MERS in its own name, rather than in its capacity as nominee for Primary Capital Advisors, a corrective assignment of mortgage was executed by which MERS, as

---

[1]Michko's husband, Thomas Michko, also executed the mortgage "[s]igning solely to release [his] dower rights."

nominee for Primary Capital Advisors and its successors and assigns, assigned the mortgage to Bank of America, N.A. The corrective assignment of mortgage was executed on May 25, 2012 and recorded on June 11, 2012.

{¶4} Michko failed to make payments due on the note, and on June 12, 2012, Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP, filed a complaint for foreclosure and declaratory judgment to recover the unpaid balance due on the note (count one), to foreclose on the mortgaged property (count two) and to obtain a declaration that a warranty deed in the chain of title for the property was valid despite a defective notary acknowledgment clause (count three). As to the first two counts, the complaint alleged that Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP, was the holder of the note and mortgage, that it had accelerated the amount due because of a default in payment, that it had complied with all conditions precedent set forth in the note and mortgage and that a principal balance of $71,779.58 plus interest at the rate of 5.5% per annum from October 1, 2011 was due and owing on the note. With respect to the third count, the complaint alleged that although Denise Walker, the grantor's wife, had signed the warranty deed, "as a result of the mutual mistake of the parties," her name had been omitted from the deed's notary acknowledgment clause. Copies of the note (with the endorsement from Primary Capital Advisors to Bank of America, N.A. and the endorsement in blank by Bank of America, N.A.), the mortgage, the assignment of mortgage, the corrective assignment of mortgage and a prior warranty deed for the property from Mark Walker to Richard Gardner were attached to the

complaint. Michko, Thomas Michko[2] and Denise Walker were named as the original defendants in the action. In December 2012, Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP, was granted leave to amend the complaint to add grantor Mark Walker and grantee Richard Gardner as new party defendants with respect to the third count of the complaint.

{¶5} The case was referred to mediation. When the parties were unable to resolve the matter, it was returned to the active docket.

{¶6} In October 2013, Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP, thereafter filed a motion pursuant to Civ.R. 17 to substitute "Bank of America, N.A." as the named plaintiff in the case "by virtue of [the corrective assignment] of the mortgage." A motion for default judgment was also filed. Michko did not oppose the substitution of Bank of America, N.A. for Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP, as the plaintiff. On October 25, 2013, the trial court granted the motion for substitution and substituted Bank of America, N.A. (hereinafter "Bank of America") for the originally named plaintiff.

{¶7} In November 2013, Michko was granted leave to file an answer. In her answer, Michko denied the material allegations of the first two counts of the amended complaint relating to the claims of default and foreclosure but admitted that Bank of America was entitled to the declaration sought in count three of the amended complaint,

---

[2]Thomas Michko died on August 12, 2010, and was later dismissed from the action without prejudice. Michko's unknown spouse, if any, was also named as a John Doe defendant.

i.e., that the warranty deed in the chain of title to the property was valid despite a defective notary acknowledgment clause. The answer raised a single defense — that the complaint failed to state a claim upon which relief could be granted. The magistrate thereafter granted the motion for default judgment as to all defendants except Michko.

{¶8} On February 13, 2014, Bank of America filed a motion for summary judgment on counts one and two of the amended complaint and a motion for judgment on the pleadings as to the third count of the amended complaint. In its motion for summary judgment, Bank of America asserted that it was entitled to judgment on the note and a decree of foreclosure as a matter of law because there were no genuine issues of fact that (1) by virtue of the assignment of the mortgage from MERS (as nominee for Primary Capital Advisors), the endorsement of the note from Primary Capital Advisors  and Bank of America's possession of the original note endorsed in blank, Bank of America was the current holder of the note and mortgage, (2) Michko's loan was in default, (3) Bank of America had exercised its option to accelerate the balance due on the note and (4) a principal balance of $71,779.58 plus interest at the rate of 5.5% per annum from October 1, 2011 was due on the note. Bank of America supported its motion with an affidavit from Jenifer Frances Kotchey, assistant vice president of Bank of America,  along with copies of the note, the mortgage, the assignment of mortgage, the corrective assignment of mortgage and an account information statement for Michko's account  — which Kotchey attested in her affidavit to be "true and exact copies" or "true and correct copies" of the originals. Kotchey averred, based on her review of Michko's loan documents and

"information taken from [Bank of America's] business records" that Bank of America was the assignee of the mortgage for Michko's loan, that the note had been "duly indorsed" and that Bank of America "directly or through an agent, has possession of the promissory note and held the note at the time of filing the foreclosure complaint." Kotchey further averred that Michko had defaulted on the loan by failing to make any payments due on or after November 1, 2011 and that a principal balance of $71,779.58, plus interest at the rate of 5.5 percent per annum from October 1, 2011 was due and owing on the note.

{¶9} Bank of America filed a separate motion for judgment on the pleadings based on Michko's admission in her answer that it was entitled to a declaration that the warranty deed was valid notwithstanding the omission of Denise Walker's name from the notary acknowledgment clause. Michko did not oppose either motion. On April 23, 2014, the magistrate issued a decision granting both motions and entering judgment on the note and a decree of foreclosure in favor of Bank of America. Michko filed objections to the magistrate's decision.[3] The trial court overruled Michko's objections and, on May 21,

---

[3]In her objections to the magistrate's decision, Michko argued that genuine issues of material fact existed regarding Bank of America's entitlement to enforce the note and foreclose on the mortgage because: (1) Bank of America had failed to establish that all conditions precedent to foreclosure had been satisfied, i.e., it introduced no evidence that it had the face-to-face meeting with Michko, allegedly required under United States Department of Housing and Urban Development ("HUD") regulations, prior to filing the foreclosure action; (2) no payment records were attached to Kotchey's affidavit; (3) Bank of America introduced no evidence of its merger with BAC Home Loans Servicing, LP; (4) the endorsement on the note from Primary Capital Advisors to "Bank of America, N.A." conflicted with the assignment of mortgage from MERS to "Bank of America, N.A., successor by merger

2014, entered a judgment entry adopting the magistrate's decision (1) granting summary judgment and a decree of foreclosure in favor of Bank of America on the first and second counts of the amended complaint, (2) granting judgment on the pleadings in favor of Bank of America and declaring that the warranty deed was a valid conveyance of the interests of Mark and Denise Walker and that Michko was the owner in fee simple of the property on the third count of the amended complaint and (3) granting default judgment in favor of Bank of America against the remaining defendants.

{¶10} Michko appealed the trial court's judgment, raising the following three assignments of error for review:

> FIRST ASSIGNMENT OF ERROR:
> The trial court erred when it granted appellee Bank of America's motion for summary judgment when appellee did not comply with all conditions precedent to foreclosure of an FHA note and mortgage.

> SECOND ASSIGNMENT OF ERROR:
> The trial court erred by granting appellee's motion for summary judgment when the affidavit of Jenifer Frances Kotchey was deficient to authenticate Civil Rule 56 evidence.

---

to BAC Home Loans Servicing, LP"; (4) Bank of America's subsequent endorsement of the note in blank raised an issue as to whether the note had been sold to any other entity; (5) Kotchey's affidavit did not indicate that she viewed the original note as opposed to an electronic scan of the note and (6) the corrective assignment of mortgage was invalid because it "was signed by Bank of America employees to assign the mortgage to Bank of America."   For good reason, Michko has abandoned most of these arguments on appeal.

With respect to the magistrate's ruling on Bank of America's motion for judgment on the pleadings, Michko argued that Bank of America needed to point to some evidence in the record to support the magistrate's finding that the omission of Denise Walker's name from the notary acknowledgment clause was a mutual mistake.   Because there was no evidence of the Walkers' intentions in the record, Michko argued a genuine issue of material fact remained for trial as to that claim.

THIRD ASSIGNMENT OF ERROR:
The [trial] court erred by adopting the magistrate's decision that found that there was a mutual mistake in the acknowledgment clause.

**Law and Analysis**

**Motion for Summary Judgment Standard of Review**

{¶11} We review summary judgment rulings de novo, applying the same standard as the trial court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). We accord no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.

{¶12} Under Civ.R. 56, summary judgment is appropriate when (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party.

{¶13} On a motion for summary judgment, the moving party carries an initial burden of identifying specific facts in the record that demonstrate its entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the moving party fails to meet this burden, summary judgment is not appropriate; if the moving party meets this burden, the nonmoving party has the reciprocal burden to point to evidence of specific facts in the record demonstrating the existence of a genuine issue of material fact for trial. *Id.* at 293. Summary judgment is appropriate if the nonmoving party fails to meet this burden. *Id.*

**Compliance with HUD Regulations**

{¶14} In her first assignment of error, Michko argues that the trial court erred in granting summary judgment to Bank of America on the first two counts of the complaint because Bank of America failed to present evidence establishing that it complied with HUD loss mitigation requirements and the face-to-face meeting requirement set forth in 24 C.F.R. 203.604 prior to filing its foreclosure action. Michko asserts that the note and mortgage were an "FHA note and mortgage,"[4] that compliance with HUD regulations incorporated by reference in the note and mortgage were conditions precedent to filing for foreclosure and that Bank of America was not entitled to accelerate the loan or to foreclose on the mortgage in the absence of evidence that it had complied with the applicable HUD regulations.

{¶15} Paragraph 6(B) of the note provides:

**Default**
If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances, regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in

---

[4]The note indicates that it is an "FHA Multistate Fixed Rate Note." The mortgage indicates that it is an "FHA Ohio Open-End Mortgage."

the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of the Housing and Urban Development or his or her designee.

{¶16} Paragraph 9(d) of the mortgage similarly provides:

> **Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

{¶17} Bank of America does not dispute that the HUD regulations referenced by Michko applied to the note and mortgage at issue. Rather, Bank of America contends that because Michko did not specifically raise Bank of America's alleged failure to comply with HUD regulations in her answer, its compliance with HUD regulations was not "at issue in this case" and, therefore, it was not required to submit evidence establishing the absence of a genuine issue of material fact regarding its compliance with HUD regulations to meet its burden on summary judgment. We agree.

{¶18} This court has previously held that when federal regulations relating to default and acceleration of loans are incorporated into the terms of a note and mortgage, compliance with those regulations are conditions precedent to foreclosure. *Secy. of*

*Veterans Affairs v. Anderson*, 8th Dist. Cuyahoga No. 99957, 2014-Ohio-3493, ¶ 15 (where federal regulations regarding default and acceleration of loans guaranteed by the Department of Veterans' Affairs were incorporated into note and mortgage, compliance with those regulations was a condition precedent to foreclosure). As such, they are subject to the special pleading requirements of Civ.R. 9(C). *Id.* at ¶ 15-16.

{¶19} Civ.R. 9(C) provides that "[i]n pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred." "Thus, where a cause of action is contingent upon the satisfaction of some condition precedent, Civ.R. 9(C) requires the plaintiff to plead that the condition has been satisfied, and permits the plaintiff to aver generally that any conditions precedent to recovery have been satisfied, rather than requiring the plaintiff to detail specifically how each condition precedent has been satisfied." *Anderson* at ¶ 16, citing *Lewis v. Wal-Mart, Inc.*, 10th Dist. Franklin No. 93AP-121, 1993 Ohio App. LEXIS 3920, *8 (Aug. 12, 1993). "In contrast to the liberal pleading standard for a party alleging the satisfaction of conditions precedent, a party denying the performance or occurrence of a condition precedent must do so specifically and with particularity." *Anderson* at ¶ 16, citing *Lewis* at *8. Conditions precedent that are not denied in the manner provided by Civ.R. 9(C) are deemed admitted. *See, e.g., Anderson* at ¶ 17; *Bank of Am., N.A. v. Pate*, 8th Dist. Cuyahoga No. 100157, 2014-Ohio-1078, ¶ 9.

{¶20} The first paragraph of the complaint states that plaintiff "has complied with all conditions precedent as set forth in the note and mortgage." This was sufficient under

Civ.R. 9(C) to shift the burden to Michko to identify "specifically and with particularity" any conditions precedent with which Bank of America had allegedly failed to comply in her answer.   Civ.R. 9(C).

{¶21} In her answer, Michko generally denied all the allegations of counts one and two of the complaint (except to admit that she and/or other defendants have or claim to have an interest in the property) but made no specific reference to Bank of America's alleged noncompliance with any HUD regulations or any other requirements relating to the default, acceleration or foreclosure of FHA loans.   Thus, Michko did not comply with Civ.R. 9(C)'s requirement that "[a] denial of performance or occurrence [of a condition precedent] shall be made specifically and with particularity."   Civ.R. 9(C).   Because Michko's answer was "insufficient to put [Bank of America's] compliance with the federal regulations * * * at issue in the case," Bank of America had "no burden" to establish the absence of a genuine issue of material fact regarding its compliance with those regulations in its motion for summary judgment.   *Anderson* at ¶ 18; *see also Bank of Am., N.A. v. Duran,* 6th Dist. Lucas No. L-14-1031, 2015-Ohio-630, ¶ 48-49 (where homeowner failed to deny compliance with HUD regulations with specificity or particularity, the satisfaction of these conditions precedent was deemed admitted and no genuine issue of material fact existed on the issue); *PNC Mtge. v. Garland*, 7th Dist. Mahoning No. 12 MA 222, 2014-Ohio-1173, ¶ 32-35, 51 (homeowner waived argument that bank failed to comply with requirements of HUD regulations as a condition precedent

to foreclosure by failing to plead with particularity in her answer which specific regulations were not complied with).

{¶22} Accordingly, the trial court did not err in granting summary judgment on this basis, and Michko's first assignment of error is overruled.

**Evidence in Support of Motion for Summary Judgment**

{¶23} Michko's second assignment of error challenges the sufficiency of the affidavit and related documentation that Bank of America submitted in support of its motion for summary judgment.

**Personal Knowledge Requirement under Civ.R. 56(E)**

{¶24} Michko first argues that Kotchey's affidavit was not based on personal knowledge as required under Civ.R. 56(E) and was, therefore, insufficient to carry Bank of America's burden on summary judgment. Michko asserts that Kotchey's affidavit is nothing more than "rubber stamp testimony" and that it does not comply with Civ.R. 56(E) because it fails to set forth in detail the factual basis for her claim that she has personal knowledge regarding the facts to which she testifies in the affidavit. Specifically, Michko complains that Kotchey never "describes" in her affidavit "what her job duties may be." She also objects to Kotchey's assertion that she has access to Bank of America's business records without "defin[ing] what those records are."

{¶25} Michko further argues that the affidavit "did not comply with what was required to demonstrate personal knowledge" as to whether Bank of America had possession of the original note because (1) none of the documents attached to the affidavit

demonstrates that Bank of America had possession of the original note when the complaint was filed, (2) Kotchey did not state specifically in her affidavit that she had ever seen the original note or that she had ever compared the original note to the copy attached to her affidavit and (3) Kotchey's affidavit does not state that she viewed the original note as opposed to an electronic scan of the note. Michko contends that a factual issue, therefore, remained for trial as to whether Bank of America had possession of the original note when the complaint was filed.

{¶26} Michko, however, did not oppose Bank of America's motion for summary judgment and thus did not challenge Kotchey's affidavit (or any of the other documents Bank of America submitted in support of its motion for summary judgment) at that time. Failure of a party to move to strike or otherwise object to documentary evidence submitted by an opposing party in support of, or in opposition to, a motion for summary judgment waives any error in considering that evidence under Civ.R. 56(C). *Darner v. Richard E. Jacobs Group, Inc.*, 8th Dist. Cuyahoga No. 89611, 2008-Ohio-959, ¶ 15; *Home Bank, F.S.B. v. Papadelis*, 8th Dist. Cuyahoga Nos. 87527, 87528, 87529 and 87530, 2006-Ohio-5453, ¶ 31, citing *Stegawski v. Cleveland Anesthesia Group, Inc.*, 37 Ohio App.3d 78, 83, 523 N.E.2d 902 (8th Dist.1987); *see also Dzambasow v. Abakumov*, 8th Dist. Cuyahoga No. 86021, 2005-Ohio-6719, ¶ 27 ("'[I]f the opposing party fails to object to improperly introduced evidentiary materials, the trial court may, in its sound discretion, consider those materials in ruling on the summary judgment motion.'"), quoting *Christe v. GMS Mgt. Co., Inc.*, 124 Ohio App.3d 84, 90, 705 N.E.2d 691 (9th

Dist.1997). This includes objections to affidavits submitted in support of a motion for summary judgment. *See, e.g., Huntington Natl. Bank Mtge. Loan Dept. v. Peppel*, 12th Dist. Warren No. CA2013-11-114, 2014-Ohio-3084, ¶ 10-11 (defendant waived argument that portions of affidavit submitted in support of summary judgment motion, which were purportedly based on business records of plaintiff bank that were not attached to affidavit, should be stricken where defendant did not file a motion to strike or raise any other objections with the trial court regarding those portions of the affidavit); *Chase Bank USA, NA v. Lopez*, 8th Dist. Cuyahoga No. 91480, 2008-Ohio-6000, ¶ 16 (defendant could not raise for the first time on appeal that affidavit attached to plaintiff's motion for summary judgment did not meet the requirements of Civ.R. 56(E)).

{¶27} Given the absence of any timely objection by Michko, Michko waived such objections, and the trial court could properly consider Kotchey's affidavit in ruling on Bank of America's motion for summary judgment.

{¶28} Likewise, with the exception of her argument that Kotchey failed to indicate in her affidavit that she viewed the original note as opposed to an electronic scan of the note, Michko did not raise any of the issues she now raises with respect to Kotchey's affidavit in her objections to the magistrate's decision. It is well established that a party cannot raise arguments and issues for the first time on appeal that he or she failed to raise before the trial court. *See, e.g., Mosley v. Cuyahoga Cty. Bd. of Mental Retardation,* 8th Dist. Cuyahoga No. 96070, 2011-Ohio-3072, ¶ 55, citing *Dolan v. Dolan,* 11th Dist. Trumbull Nos. 2000-T-0154 and 2001-T-0003, 2002-Ohio-2440, ¶ 7, citing *Stores Realty*

*Co. v. Cleveland,* 41 Ohio St.2d 41, 322 N.E.2d 629 (1975); *Papadelis*, 2006-Ohio-5453 at ¶ 32. This rule applies with equal force in appeals of summary judgment proceedings in foreclosure actions. *See, e.g., Wells Fargo Bank, N.A. v. Geiser*, 12th Dist. Butler No. CA2013-06-103, 2014-Ohio-3379, ¶ 10, fn. 3 ("'It is axiomatic that a party cannot raise new issues or legal theories for the first time on appeal and failure to raise an issue before the trial court results in waiver of that issue for appellate purposes.'"), quoting *Dudley v. Dudley*, 12th Dist. Butler No. CA2008-07-165, 2009-Ohio-1166, ¶ 18. Therefore, she has waived them.

**{¶29}** Even if, however, we were to consider the merits of Michko's arguments related to Kotchey's affidavit, we would find that Kotchey's affidavit was sufficient to comply with Civ.R. 56(E) and to satisfy Bank of America's burden on summary judgment with respect to the facts asserted therein.

**{¶30}** Civ.R. 56(E) sets forth the requirements for affidavits submitted on summary judgment. It provides, in relevant part:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit. * * *

**{¶31}** "'Unless controverted by other evidence, a specific averment that an affidavit pertaining to business is made upon personal knowledge of the affiant satisfies the Civ.R. 56(E) requirement that affidavits both in support or in opposition to motions for summary judgment show that the affiant is competent to testify to the matters stated.'" *Deutsche Bank Natl. Trust Co. v. Najar,* 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 20, quoting *Bank One, N.A. v. Swartz*, 9th Dist. Lorain No. 03CA008308, 2004-Ohio-1986, ¶ 14, citing *State ex rel. Corrigan v. Seminatore*, 66 Ohio St.2d 459, 423 N.E.2d 105 (1981), paragraph two of the syllabus. There is no requirement that an affiant explain the basis for his or her personal knowledge where personal knowledge can be reasonably inferred based on the affiant's position and other facts contained in the affidavit. *Bank of Am. v. Lynch,* 8th Dist. Cuyahoga No. 100457, 2014-Ohio-3586, ¶ 24-27, citing *Nationstar Mtge., L.L.C. v. Perry*, 8th Dist. Cuyahoga No. 99497, 2013-Ohio-5024, ¶ 15, citing *Najar* at ¶ 74.

**{¶32}** Kotchey averred that her affidavit was based upon "information * * * taken from [Bank of America's] business records," her review of Bank of America's business records, including those relating to the loan at issue, her "personal knowledge" of Bank of America's "procedures for creating [the records for the subject loan]" and her "personal knowledge of how [Bank of America's business] records are created and maintained." Kotchey further averred that the records were made at or near the time of the occurrence of the matters recorded by persons with personal knowledge or from information transmitted by persons with personal knowledge, that the records were kept in the course

of Bank of America's regularly conducted business activities and that it was the regular practice of the bank to create such records.

**{¶33}** In our view, the facts stated in Kotchey's affidavit, combined with the position she holds at Bank of America and her assertions regarding her job duties there, create a reasonable inference that she has personal knowledge of the facts contained in her affidavit. Because they were not controverted by other evidence, her statements were enough to satisfy Civ.R. 56(E). *Everbank v. Katz*, 8th Dist. Cuyahoga No. 100603, 2014-Ohio-4080, ¶ 4. Similar averments have been deemed sufficient to establish compliance with Civ.R. 56(E) and to satisfy a plaintiff's burden on summary judgment in other foreclosure actions. *See, e.g.,*

*JPMorgan Chase Bank, N.A. v. Dattilo*, 8th Dist. Cuyahoga No. 101239, 2014-Ohio-5286, ¶ 8-9 (affidavit of bank vice president and supporting documentation were sufficient to meet bank's initial burden under Civ.R. 56 where affiant averred that he was competent to testify, that he personally reviewed bank's business records, that appellant's loan records were maintained by the bank in the course of regularly conducted business activities, that the bank directly or through its agent is in possession of the original note and was in possession of it prior to the filing of the complaint for foreclosure and that the bank's records demonstrated that appellant was in default, identifying the amount due on the note); *JPMorgan Chase Bank, NA v. Swan,* 6th Dist. Lucas No. L-14-1186, 2015-Ohio-1056, ¶ 13 (affidavit was based on personal knowledge where affiant testified that he was a vice president of plaintiff bank, had

personal knowledge of bank's record-keeping system, knew that the records were kept in the regular course of business and personally reviewed appellants' loan records); *see also Wells Fargo Bank, N.A. v. Hammond,* 8th Dist. Cuyahoga No. 100141, 2014-Ohio-5270, ¶ 31-36 (averments in affidavit were sufficient to establish that plaintiff possessed original promissory note since 2008).[5]  Upon Bank of America's submission of this evidence, the burden then shifted to Michko to present evidence rebutting Kotchey's assertion that she had personal knowledge of the matters referenced in her affidavit. Michko, however, offered nothing in response.

**{¶34}** With respect to Michko's argument that Kotchey's affidavit was deficient because Kotchey did not state that she personally viewed the original note (as opposed to an electronic scan of the note) and compared the original to the copy of the note attached to her affidavit before testifying that the copy was a "true and correct copy" of the original, this court previously rejected such an argument in *Hammond* as follows:

> As for the decision of the Fifth District Court of Appeals in [*Wachovia Bank of Delaware, N.A. v. Jackson*, 5th Dist. Stark No. 2010-CA-000291, 2011-Ohio-3203 ¶ 46, 49], which provides that summary judgment affidavits based on documents must include an averment that the affiant compared copies of the documents attached to the affidavit with the originals, this court has not adopted this as a requirement under Civ.R. 56(E), nor do we intend to do so because the Ohio Supreme Court has not made this a requirement of Civ.R. 56(E).  *See HSBC Mtge. Servs. v. Williams*, 12th Dist. Butler No. CA2013-09-174, 2014-Ohio-3778.

[5]In this case, Kotchey's averment that Bank of America possessed the original note at the time of filing the complaint was both supported by, and consistent with, the documents relating to Michko's loan, i.e., there was both a formal assignment of the mortgage to Bank of America before the filing of the complaint and an endorsement of the note over to Bank of America (before Bank of America endorsed it in blank) before the filing of the complaint.

   *** [W]e find appellant's reliance on [*HSBC Mtge. Servs. Inc. v. Edmon*, 6th Dist. Erie No. E-11-046, 2012-Ohio-4990], to be misplaced. In *Edmon*, the Sixth District held that the trial court erred in granting summary judgment to the bank where the borrower demonstrated a triable issue of fact as to the authenticity of the promissory note by offering testimony showing that the loan servicing officer did not review the original promissory note prior to swearing in her affidavit that the copy of the note attached to complaint was a true and accurate copy of the original. In *Edmon*, the servicing officer admitted at her deposition that she never viewed the original note. In the case at hand, however, appellant has provided this court with no evidence to suggest that [the affiant] reviewed only imaged copies of the documents he claimed to authenticate in his affidavit. Thus, there is no triable issue relating to [the affiant's] personal knowledge in this matter.

*Hammond* at ¶ 37-38. In this case, Kotchey's affidavit included statements from which it could be inferred that she compared the original note (and the originals of the other documents referenced in her affidavit) to the copies so she could attest that the copies attached to her affidavit were true and exact. *See U.S. Bank N.A. v. Bobo*, 4th Dist. Athens No. 13CA45, 2014-Ohio-4975, ¶ 30. Michko produced no evidence to suggest that Kotchey reviewed only an imaged copy of the note she claims to authenticate in her affidavit. Therefore, there is no triable issue of fact relating to Kotchey's authentication of the note or personal knowledge as set forth in her affidavit.

  **Documents Evidencing Merger Between BAC Home Loans Servicing, LP and Bank of America**

  **{¶35}** Michko also contends that the trial court erred in entering summary judgment because there was "no Civil Rule 56 evidence before the trial court" proving that BAC Home Loans Servicing, LP had merged into Bank of America. In moving for summary judgment, Bank of America submitted evidence that it was the holder of the

note and mortgage at the time it filed the complaint. The record reflects that Primary Capital Advisors endorsed the note to "Bank of America, N.A." and that "Bank of America, N.A." thereafter endorsed the note in blank. The record further reflects that MERS, as nominee for Primary Capital Advisors and its successors and assigns, assigned the mortgage to "Bank of America, N.A." on May 25, 2012. Although the original plaintiff in the case was "Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP," Bank of America was not required to produce merger documentation or other Civ.R. 56(C) evidence establishing that it was the successor by merger to BAC Home Loans Servicing, LP because the merger was not the means by which Bank of America acquired an interest in the note and mortgage. As detailed above, Bank of America acquired an interest in the note and mortgage directly, before the complaint was filed. It acquired an interest in the note by means of Primary Capital Advisors' endorsement of the note to Bank of America and its possession of the original note after the note was endorsed in blank. Bank of America acquired an interest in the mortgage based on MERS's assignment of the mortgage, as nominee for Primary Capital Advisors, to it. Accordingly, Michko's second assignment of error is overruled.

**Motion for Judgment on the Pleadings**

{¶36} Michko's third assignment of error relates to the third count of the amended complaint. Michko argues that the trial court erred in granting Bank of America's motion for judgment on the pleadings as to the third count of the amended complaint because Bank of America failed to point to any evidence in the record

establishing that the omission of Denise Walker's name from the notary clause acknowledging the parties' signatures was the result of a mutual mistake. Once again, Michko's argument is meritless.

**{¶37}** Motions for judgment on the pleadings are governed by Civ.R. 12(C). Civ.R. 12(C) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." In ruling on a Civ.R. 12(C) motion, the court is permitted to consider both the complaint and the answer as well as any material attached as exhibits to those pleadings. *Schmitt v. Educational Serv. Ctr.*, 8th Dist. Cuyahoga No. 97605, 2012-Ohio-2208, 970 N.E.2d 1187, ¶ 10. "'Civ.R. 12(C) requires a determination that no material factual issues exist and that the movant is entitled to judgment as a matter of law.'" *Rayess v. Educational Comm. for Foreign Med. Graduates*, 134 Ohio St.3d 509, 2012-Ohio-5676, 983 N.E.2d 1267, ¶ 18, quoting *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 569-570, 664 N.E.2d 931 (1996). Judgment on the pleadings is appropriate where, after considering the material allegations of the pleadings and all reasonable inferences to be drawn therefrom in a light most favorable to the nonmoving party, the court finds that the moving party is entitled to judgment as a matter of law. *Rayess* at ¶ 18. We review a trial court's granting of a motion for judgment on the pleadings de novo. *Id.*

**{¶38}** In the third count of the amended complaint, Bank of America sought a declaration that a prior warranty deed in the chain of title of the property — a warranty deed from Mark Walker (grantor) to Richard Gardner (grantee) recorded on November 5,

2004 — was valid despite the fact that the name of Denise Walker (Mark Walker's wife, who signed the deed to release her dower rights on the property) was omitted from the notary acknowledgment clause. Although purported signatures from both Mark Walker and Denise Walker appear on the deed, only Mark Walker is referenced in the acknowledgment clause as having personally appeared before and signed the deed in the presence of the notary. In paragraphs 8 and 9 of the amended complaint, Bank of America alleged, in relevant part:

8. Plaintiff says that as a result of the mutual mistake of the parties to the Warranty Deed * * * a copy of which is attached hereto * * * the acknowledgment is faulty as it failed to contain the name of the grantor, Denise Walker.

9. Plaintiff further says that the parties to the Warranty Deed * * * intended to have the grantor acknowledged, so that Plaintiff is entitled to a declaration by the Court that despite the defective acknowledgment by the parties thereto, the Warranty Deed * * * is valid and that Defendant, Katherine L. Michko, is the owner in fee simple of the real property described therein.

{¶39} In her answer, Michko "admits the allegations contained in paragraph 9." Because Michko (who was not a party to the warranty deed at issue) admitted in her answer that Bank of America was entitled to a declaration that the warranty deed was valid and all of the other persons who were parties to the warranty deed defaulted, Bank of America was not required to offer any evidence of mutual mistake in order to establish its entitlement to a declaration that the warranty deed was valid. Accordingly, the trial court did not err in entering judgment on the pleadings on the third count of the amended complaint. Michko's third assignment of error is overruled.

**{¶40}** Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
ANITA LASTER MAYS, J., CONCUR