[Cite as *State ex rel. Crenshaw v. McMonagle*, 2022-Ohio-1508.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE EX REL., MARIAH S.            :
CRENSHAW,

      Relator,                          :

                                No. 111207

      v.                                :

JUDGE RICHARD MCMONAGLE,            :

      Respondent.                       :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** COMPLAINT DISMISSED
**DATED:** May 2, 2022

---

Writ of Mandamus
Motion No. 553250
Order No. 554277

---

***Appearances:***

Mariah S. Crenshaw, *pro se*.

Flowers & Grube, Paul W. Flowers, Louis E. Grube, and
Melissa A. Ghrist, *for respondent*.

EILEEN A. GALLAGHER, J.:

{¶ 1} Relator, Mariah S. Crenshaw, has filed a complaint for a writ of mandamus. Crenshaw seeks an order from this court that requires respondent, Judge Richard McMonagle, to conduct a case-management hearing in *In re:*

*Affidavit of Removal of Pros. Atty.*, Cuyahoga C.P. No. SD-21-78177. Judge McMonagle has filed a motion to dismiss. Crenshaw has not filed a brief in opposition to the motion to dismiss. For the following reasons, we grant the motion to dismiss.

{¶ 2} This court possesses original jurisdiction over a complaint for a writ of mandamus pursuant to Article IV, Section 3(B)(1) of the Ohio Constitution, R.C. 2731.01 and 2731.02. The requisites for mandamus are well established: 1) Crenshaw must establish a clear legal right to the requested relief; 2) Crenshaw must establish that Judge McMonagle possesses a clear legal duty to perform the requested relief; and 3) Crenshaw possesses no other adequate remedy in the ordinary course of the law. *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 515 N.E.2d 914 (1987). Mandamus is an extraordinary remedy that is to be exercised with great caution and granted only when the right is absolutely clear. Mandamus should not issue in doubtful cases. *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 364 N.E.2d 1 (1977); *State ex rel. Shafer v. Ohio Turnpike Comm.*, 159 Ohio St. 581, 113 N.E.2d 14 (1953); *State ex rel. Connole v. Cleveland Bd. of Edn.*, 87 Ohio App.3d 43, 621 N.E.2d 850 (8th Dist.1993).

{¶ 3} A trial court possesses the inherent authority and discretion to control its own docket. *Bayview Loan Servicing, L.L.C. v. St. Cyr*, 8th Dist. Cuyahoga No. 104655, 2017-Ohio-2758; *6750 BMS, L.L.C. v. Drentlau*, 8th Dist. Cuyahoga No. 103409, 2016-Ohio-1385. In addition, mandamus may not be employed to control

judicial discretion, even if that judicial discretion is grossly abused. *Bluford v. Gallagher*, 8th Dist. Cuyahoga No. 82896, 2003-Ohio-4199.

{¶ 4} A case-management hearing clearly falls under the penumbra of docket control. Since Judge McMonagle is under no clear legal duty to conduct a case-management hearing, relief in mandamus is not available to compel Judge McMonagle to hold a case-management hearing. *King v. Divoky*, 9th Dist. Summit No. C.A. 29769, 2021-Ohio-1712; *Holsopple v. Holsopple*, 9th Dist. Summit No. C.A. 29441, 2020-Ohio-1210.

{¶ 5} Accordingly, we grant Judge McMonagle's motion to dismiss. Costs to Crenshaw. The court directs the clerk of courts to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

{¶ 6} Complaint dismissed.

_____
EILEEN A. GALLAGHER, JUDGE

SEAN C. GALLAGHER, A.J., and
FRANK DANIEL CELEBREZZE, III, J., CONCUR