[Cite as *Kohn v. Glenmede Trust Co.*, 2025-Ohio-1058.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

ADAM KOHN, ET AL.,                :

    Plaintiff-Appellant,        :

                                 No. 113863

    v.                         :

GLENMEDE TRUST                     :
COMPANY, N.A., ET AL.,             :

    Defendants-Appellees.       :

_____

## JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED IN PART, REVERSED IN PART,
               AND REMANDED
**RELEASED AND JOURNALIZED:**  March 27, 2025

_____

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-973271

_____

### *Appearances:*

Law Office of Jaye M. Schlachet and Jaye M. Schlachet, *for appellant*.

Reminger Co., L.P.A., Brian D. Sullivan, Brian P. Nally, and Brianna M. Prislipsky, *for appellees*.

EILEEN T. GALLAGHER, J.:

{¶ 1} Plaintiff-appellant, Adam Kohn ("Kohn"), appeals an order granting judgment on the pleadings in favor of defendants-appellees, Glenmede Trust

Company ("Glenmede") and Robert Siewert ("Siewart"). He claims the following errors:

1. The trial court committed error in granting appellees' motion for reconsideration for judgment on the pleadings in contravention of Civ.R. 6 and Civ.R. 12.

2. The trial court committed error when granting appellees' motion for judgment on the pleadings through a misinterpretation of the Ohio savings statute (R.C. 2305.19) and Civ.R. 41 statute and by determining that appellant's claims were barred by the applicable statute of limitations.

{¶ 2} We affirm in part, reverse in part, and remand the case to the trial court for further proceedings consistent with this opinion.

## I. Facts and Procedural History

{¶ 3} In 2014, Kohn was a search consultant for CTPartners, an international executive search firm and publicly traded company on the New York Stock Exchange. In May 2014, he held 629,698 shares in CTPartners and, according to the complaint, these shares represented a large portion of his personal wealth. In July 2014, Kohn, as trustee of the Adam P. Kohn Declaration of Trust, executed an investment management agreement ("management agreement") with Glenmede ("Glenmede"), a wealth-management firm. Pursuant to the parties' agreement, Kohn transferred 432,279 CTPartners shares to a Glenmede account to allow Siewert, an investment advisor with Glenmede, to liquidate the CTPartners shares and reinvest the proceeds according to a new investment plan.

{¶ 4} On November 5, 2014, Kohn asked Siewert to sell 150,000 shares of CTPartners stock at $24 per share. According to Kohn's complaint, no one at Glenmede sold the shares because they thought that Kohn was trading based on

insider information. As a result, Kohn transferred the shares to an account at Charles Schwab, another wealth-management firm, but Glenmede continued to give Kohn investment advice regarding the shares. Kohn alleges that Siewart failed to advise him to sell the CTPartners shares before the share price fell from $24.00 per share to $2.00 per share. As a result of the reduction in sale price, Kohn allegedly lost millions of dollars.

{¶ 5} On November 2, 2016, Kohn, individually and in his capacity as the trustee of the Adam P. Kohn Declaration of Trust, filed a complaint against Glenmede and Siewart (collectively "defendants"), asserting claims for breach of contract, gross negligence, negligent supervision and mismanagement, promissory estoppel, and fraud. The complaint alleged, among other things, that the defendants breached a fiduciary duty owed to Kohn pursuant to the management agreement.

{¶ 6} On September 15, 2017, Kohn voluntarily dismissed the complaint pursuant to Civ.R. 41(A)(1)(a) because he failed to produce an expert necessary to establish his claims. He refiled the complaint on September 11, 2018, but the court later dismissed the case without prejudice pursuant to Civ.R. 41(A)(2), on August 2, 2022, because Kohn again failed to produce the necessary expert. Kohn refiled the complaint a second time on January 3, 2023. This was the third filing of the complaint.

{¶ 7} Defendants filed a motion for judgment on the pleadings on August 4, 2023, arguing that Kohn could not rely on Ohio's saving statute to refile the complaint a second time and that his claims were barred by the applicable statutes

of limitations. Kohn filed a brief in opposition to defendants' motion on August 25, 2023, and the trial court denied the motion on September 11, 2023. In its judgment entry, the court explained that it "declined to take judicial notice of the unauthenticated exhibits that were attached to defendants' [request for judicial] notice." However, the court further cautioned:

Nothing in this ruling prohibits the court, in its discretion, from taking judicial notice of appropriate matters in considering defendants' motion, including prior proceedings in the immediate case to establish the fact of such litigation. The court "is not required to suffer from institutional amnesia." *Industrial Risk Insurers v. Lorenz Equip. Co.* (1994), 69 Ohio St.3d 576, 580[.]

(Sept. 11, 2023, judgment entry).

{¶ 8} On March 25, 2024, the defendants filed a motion for reconsideration, asking the court to reconsider its denial of their motion for judgment on the pleadings. The trial court granted the motion for reconsideration the next day, March 26, 2024, and granted the motion for judgment on pleadings. In making its ruling, the trial court considered Kohn's two previously filed and dismissed actions against the defendants and concluded that Kohn's third complaint was barred by Ohio's saving statute and the applicable statutes of limitations. Kohn now appeals the trial court's judgment.

## II. Law and Analysis

### A. Reconsideration

{¶ 9} In the first assignment of error, Kohn argues the trial court erred in granting the defendants' motions for reconsideration and for judgment on the

pleadings. He argues the court's judgment granting reconsideration violates Civ.R. 6.

{¶ 10} Kohn argues the court's judgment violates Civ.R. 6 because the court ruled on the motion for reconsideration before his response deadline and before he had an opportunity to respond. Civ.R. 6(C)(1) provides that "[r]esponses to a written motion, other than motions for summary judgment, may be served within fourteen days after the service of the motion." Ordinarily, a trial court's failure to allow a full and fair response before ruling on a motion implicates the nonmoving party's right to due process and constitutes reversible error. *See, e.g.*, *Bank of New York v. Goldberg*, 2019-Ohio-3998, ¶ 8 (11th Dist.). A fundamental requirement of due process includes an opportunity to be heard. *In re R.M.*, 2024-Ohio-1885, ¶ 19 (8th Dist.).

{¶ 11} However, in ruling on the motion for reconsideration, the trial court reconsidered its prior ruling on defendants' motion for judgment on the pleadings. The motion for reconsideration did not raise any new issues or arguments that were not previously argued in the motion for judgment on the pleadings. And, Kohn filed a brief in opposition to the motion for judgment on the pleadings when it was originally filed. Therefore, Kohn was afforded an opportunity to be heard on the issues raised in the motion for judgment on the pleadings, and there was no due-process violation.

{¶ 12} Furthermore, "'Civ.R. 54(B) allows for reconsideration of an interlocutory order, and provides, in pertinent part, that the order "is subject to

revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.'"'" *B&G Props. Ltd. Partnership v. OfficeMax, Inc.*, 2013-Ohio-5255, ¶ 37 (8th Dist.), quoting *Forman v. Forman*, 2007-Ohio-4938, ¶ 19 (3d Dist.), quoting Civ.R. 54(B). The trial court could have reconsidered the motion sua sponte, without a motion for reconsideration. *Union Sav. Bank v. Washington*, 2019-Ohio-3203, ¶ 31 (2d Dist.), quoting *Stuck v. Coulter*, 2008-Ohio-485, ¶ 22 (2d Dist.), quoting *Nilavar v. Osborn*, 137 Ohio App.3d 469, 499 (2d Dist. 2000) ("A trial court 'retains jurisdiction to reconsider its interlocutory orders, either sua sponte or upon motion, any time before it enters final judgment in the case.'"). Therefore, the trial court's ruling on the motion for reconsideration did not violate Kohn's right to due process.

## B. Judgment on Pleadings

{¶ 13} Kohn nevertheless argues the trial court's decision to grant judgment on the pleadings was legally impermissible because it considered evidence outside the pleadings in violation of Civ.R. 12(C). In the second assignment of error, Kohn argues the trial court erred in granting judgment on the pleadings because it misapplied the Ohio saving statute and erroneously concluded that his claims were barred by the applicable statutes of limitations. We discuss these issues together because they are interrelated.

{¶ 14} We review a ruling on a motion for judgment on the pleadings de novo. *DiGorgio v. Cleveland*, 2011-Ohio-5878, ¶ 19 (8th Dist.). In a de novo review, this court affords no deference to the trial court's decision and independently reviews

the record to determine whether the denial of the motion for judgment on the pleadings is appropriate. *Hollins v. Shaffer*, 2009-Ohio-2136, ¶ 12 (8th Dist.).

{¶ 15} Civ.R. 12(C) states: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Judgment on the pleadings is appropriate where it appears "beyond doubt that [the nonmovant] can prove no set of facts warranting the requested relief, after construing all the material factual allegations in the complaint and all reasonable inferences therefrom in [the nonmovant's] favor." *State ex rel. City of Toledo v. Lucas Cty. Bd. of Elections*, 95 Ohio St.3d 73, 74 (2002).

{¶ 16} In ruling on a Civ.R. 12(C) motion for judgment on the pleadings, the court's review is limited to statements contained in the pleadings and any "written instruments" attached as exhibits to those pleadings. *Edwards v. Kelley*, 2021-Ohio-2933, ¶ 9 (8th Dist.). The term "pleadings," as contemplated by Civ.R. 12(C), consists of the complaint and answer, a reply to a counterclaim, an answer to a cross-claim, and a third-party complaint and an answer. *State ex rel. Leneghan v. Husted*, 2018-Ohio-3361, ¶ 17, citing Civ.R. 7(A).

{¶ 17} Under Civ.R. 10(C), a "written instrument" attached to a pleading becomes part of the pleading. However, not every document attached to a pleading constitutes a written instrument under Civ.R. 10(C). *Id.* at ¶ 17. The term "written instrument" in Civ.R. 10(C) refers to documents that define the parties' rights and obligations and includes such things as negotiable instruments, insurance policies, leases, deeds, promissory notes, and contracts. *Id.*; *see also State ex rel. Vandenbos*

*v. Xenia*, 2015-Ohio-35, ¶ 14 (2d Dist.) (Orders and opinions from prior cases between the parties are not part of the pleadings.).

{¶ 18} Defendants argued in the motion for judgment on the pleadings that all of Kohn's claims are barred by the applicable statutes of limitations. Defendants also argued that Kohn's claims could not be rescued by the saving statute because Kohn had already dismissed and refiled the complaint once before.

{¶ 19} As previously stated, the parties' relationship is governed by their management agreement. The management agreement is attached to the complaint and constitutes a "written instrument" as contemplated by Civ.R. 10(C). *Husted* at ¶ 17 (listing a contract as an example of a "written instrument" under Civ.R. 10(C)). Section F of the parties' management agreement contains a choice-of-law provision providing that Pennsylvania law governs the parties' agreement.

{¶ 20} Kohn's complaint asserts eight causes of action, to wit: one count of breach of contract, two counts of gross negligence, one count of negligent supervision, one count of negligent management, one count of promissory estoppel, and two counts of fraud. The choice-of-law provision in the parties' management agreement states that the parties' agreement "shall be governed by and interpreted under the laws of the Commonwealth of Pennsylvania, without regard to the choice of law rules thereof." Therefore, the breach-of-contract and promissory-estoppel claims relate to the parties' agreement and are, therefore, governed by Pennsylvania law. Pennsylvania law provides a four-year statute of limitations for breach-of-contract and promissory-estoppel claims. *See* 42 Pa. C.S. 5525.

{¶ 21} Kohn's negligence and fraud claims are tort causes of action and are independent of the contract claims. The parties' agreement is silent as to what state's law applies to the tortious conduct of a party. We, therefore, turn to the choice-of-law rules for guidance.

{¶ 22} The Ohio Supreme Court has held that choice-of-law rules found in the 1 Restatement of the Law 2d, Conflict of Laws, Section 7, Comment b (1971), depend on the classification of each claim. *Ohayon v. Safeco Ins. Co.*, 91 Ohio St.3d 474, 476 (2001). As relevant here, 1 Restatement of the Law 2d, Conflict of Laws, Section 145, governs torts and states, in its entirety:

(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.

(2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

(a) the place where the injury occurred,

(b) the place where the conduct causing the injury occurred,

(c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and

(d) the place where the relationship, if any, between the parties is centered.

These contacts are to be evaluated according to their relative importance with respect to the particular issue.

{¶ 23} The complaint alleges that Kohn is a resident of Cuyahoga County, Ohio. (Complaint ¶ 2.) The complaint also alleges that Siewert is the managing

director of Glenmede, which is located in Beachwood, Ohio. (Complaint ¶ 3.) Therefore, all of the parties are located in Ohio and, according to the complaint, the allegedly tortious conduct occurred in Ohio. Therefore, the negligence and fraud claims are governed by Ohio statutes of limitations. R.C. 2305.09 provides a four-year statute of limitations for fraud claims, and R.C. 2305.10(A) provides a two-year statute of limitations for negligence claims.

{¶ 24} The complaint alleges that "[o]n or about November 12, 2014 through May 2015[,] Siewert told Kohn that he would continue to provide advice to Kohn about the CT[Partners] stock." (Complaint ¶ 21.) The complaint further alleges that "[f]rom November 2014 through May 2015[,] Siewert fraudulently offered to provide continued management advice to Kohn about the CT[Partners] shares although they were transferred to Kohn's Charles Schwab account." (Complaint ¶ 71.) In sum, the complaint alleges that Kohn's injury occurred in May 2015, at the latest. Therefore, the two-year statute of limitations would have expired in May 2017, and the four-year statute of limitations would have expired in May 2019. Kohn does not dispute the statutes of limitations; he argues instead that his claims were saved by Ohio's saving statute, R.C. 2305.19(A).

{¶ 25} R.C. 2305.19(A) provides, in relevant part:

In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff or, if the plaintiff dies and the cause of action survives, the plaintiff's representative may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later.

R.C. 2305.19(A) allows a timely-filed claim that has failed "otherwise than upon the merits" to be refiled in a new action if the new action is filed within one year after such failure or within the period of the original applicable statute of limitations, whichever is later.

{¶ 26} In *McCullough v. Bennett*, 2024-Ohio-2783, the Ohio Supreme Court held that Ohio's saving statute is not limited by a one-use restriction, meaning that a plaintiff may refile a claim a third time as long as the second refiling occurs prior to the expiration of the statute of limitations. *Id.* at ¶ 17-21. The Court reasoned that complaints filed before expiration of the statute of limitations do not need to be "saved." *Id.*

{¶ 27} Kohn originally filed the complaint on November 2, 2016, and voluntarily dismissed it pursuant to Civ.R. 41(A)(1) on September 15, 2017, because he had not produced the expert required by the court to establish his claims. Kohn refiled the complaint on September 11, 2018. Because the two-year statute of limitations expired in May 2017, the negligence claims subject to the expired two-year statute of limitations were "saved" and could be refiled pursuant to the saving statute. The four-year statute of limitations applicable to the fraud, breach-of-contract, and promissory-estoppel claims had not yet expired and, therefore, did not need to be "saved." However, the trial court dismissed the refiled complaint without prejudice pursuant to Civ.R. 41(A)(2) on August 2, 2022, because Kohn again failed to produce the expert necessary to prove his claims.

{¶ 28} Kohn filed the complaint a third time on January 3, 2023, less than one year after the trial court's dismissal without prejudice. R.C. 2305.19(A), the saving statute, provides that a plaintiff "may commence a new action within one year . . . after the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later."

{¶ 29} In *McCullough*, the Court held that the saving statute provides no limit to the number of times a plaintiff may refile a complaint after a failure otherwise than upon the merits as long the refilings occur within one year of the dismissal. *McCullough,* 2024-Ohio-2783, at ¶ 20-22. The Court noted that the lack of limitations on the number of potential refilings could result in "abusive conduct by plaintiffs to indefinitely extend a statute-of-limitations period[,]" but recognized that the trial court could "preclude abusive refilings by specifying that any dismissal under Civ.R. 41(A)(2) is with prejudice." *Id*. at ¶ 22. The *McCullough* Court also noted that the double-dismissal rule in Civ.R. 41(A)(1) provides another protection against abusive refilings because a plaintiff's voluntary dismissal acts as "'an adjudication on the merits of any claim that has once been dismissed in any court.'" *Id*. at ¶ 21, quoting Civ.R. 41(A)(1).

{¶ 30} Kohn did not voluntarily dismiss the second complaint filed in 2018. Therefore, the dismissal did not act "as an adjudication on the merits" under Civ.R. 41(A)(1). The second complaint was dismissed by the trial court pursuant to Civ.R. 41(A)(2), which does not include a double-dismissal rule. And, the trial court dismissed the second complaint "without prejudice," thereby leaving Kohn the

ability to refile the complaint a third time pursuant to the saving statute. *See McCullough* at ¶ 20-22. Therefore, Kohn's fraud, breach-of-contract, and promissory-estoppel claims were not barred by either the saving statute or the applicable statutes of limitations.

{¶ 31} Defendants nevertheless asserted at oral argument that the entire complaint was barred by the saving statute because the negligence claims were time-barred. Defendants argues that because the saving statute applies to the refiling of "any action," all claims must survive the applicable statutes of limitations in order for the complaint to be refiled. It argues that claims cannot be "parsed out" or treated separately. However, defendants provide no legal authority for this proposition, nor have we found any. Moreover, the saving statute is a remedial statute that must be liberally construed to allow cases to be determined on their merits rather than on mere technicalities of procedure. *Cero Realty Corp. v. Am. Manufacturers Mut. Ins. Co.*, 171 Ohio St. 82 (1960), paragraphs one and two of the syllabus; *see also Ohio Patrolmen's Benevolent Assn. v. Cleveland*, 2022-Ohio-1403, ¶ 27 ("Courts strive to hear cases on the merits rather than dismissing them on technicalities."). Therefore, the fraud, breach-of-contract, and promissory-estoppel claims survive even though the negligence claims are time-barred.

{¶ 32} Finally, defendants argues the trial court had an alternate basis for dismissing Kohn's complaint. "[W]hen a trial court has stated an erroneous basis for its judgment, an appellate court must affirm the judgment if it is legally correct on other grounds, that is, it achieves the right result for the wrong reason, because

such an error is not prejudicial." *Widlar v. MatchMaker Internatl.*, 2002-Ohio-2836, ¶ 18 (6th Dist.), citing *State v. Payton*, 124 Ohio App.3d 552, 557 (12th Dist. 1997).

{¶ 33} Glenmede argues the trial court could have dismissed Kohn's complaint even if it were not barred by the saving statute and statutes of limitations because Kohn failed to identify an expert. The trial court could have, in its discretion, dismissed Kohn's third complaint with prejudice for failure to identify an expert by the expert deadline, especially after having the complaint dismissed two prior times for the same reason. But Kohn produced two experts, albeit after the expert report deadline. Late production of expert reports does not automatically warrant dismissal of the complaint. "A trial court possesses the inherent authority and discretion to control its own docket." *State ex rel. Crenshaw v. McMonagle*, 2022-Ohio-1508, ¶ 3 (8th Dist.). The trial court, in its discretion, could have extended the expert report deadline. Indeed, defendants filed a motion to strike the expert reports, and the court did not grant the motion. Therefore, we cannot say that the late production of Kohn's expert reports warrants dismissal.

{¶ 34} Nevertheless, the first and second assignments of error are overruled as to the negligence claims but sustained as to the fraud, breach-of-contract, and promissory-estoppel claims.

{¶ 35} Judgment affirmed in part and reversed in part; case remanded to the trial court for further proceedings.

It is ordered that appellant and appellees share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR